Shirley ROBINSON, Appellant,

v.

**WARNER–LAMBERT AND OLD CORNER DRUG, Appellees.**

No. 10–98–363–CV.

Court of Appeals of Texas, Waco.

Aug. 18, 1999.

Gregory B. Johnson, Malone & Johnson, Waco, for appellant.

Maureen Murry, Thompson & Knight, Dallas, Debora B. Alsup, Thompson & Knight, Austin, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

BILL VANCE Justice

In this product-liability suit, we must determine the propriety of the grant of a "no-evidence" summary judgment. Because we find that the appellant failed to produce competent evidence on the contested element of her claim, we will affirm the summary judgment.

Shirley Robinson filed a product-liability claim against Warner–Lambert Company and Old Corner Drug (the defendants) alleging negligence and failure to warn that a flu vaccine manufactured and sold by the defendants could cause a blood test to result in a "false positive" for Human T–Cell Lymphtropic Virus (HTLV–I and HTLV–II). The defendants filed a "no-evidence" motion for summary judgment, which was granted. Tex.R. Civ. P. 166a(i). Robinson appeals, asserting that summary judgment was improper.

### FACTS

On November 1, 1994, Robinson received a flu vaccine. On November 10, she gave blood at the Red Cross Blood Center in Waco, Texas. Approximately two weeks later, she was informed that her blood tested positive for HTLV–I and HTLV–II. She had several tests over the next few months and eventually discovered that she did not have these diseases. Robinson, who is a Licensed Vocational Nurse, conducted her own research and determined that the flu vaccine caused her false-positive test result. In October of 1996, she filed suit against the defendants asserting negligence and strict liability for manufacturing and selling the flu vaccine without properly warning that it could cause a false-positive test result. The defendants asserted in a "no evidence" motion for summary judgment that Robinson had, in two years of conducting discovery, failed to obtain any evidence that "Defen-

dants' conduct was the proximate or producing cause of her claimed damages." Summary judgment was granted.

## NO–EVIDENCE SUMMARY JUDGMENT

Rule 166a(i) provides:

(i) **No-evidence motion.** After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

*Id.*

A no-evidence motion for summary judgment places the burden on the nonmovant to present enough evidence to be entitled to a trial. *Lampasas v. Spring Center, Inc.,* 988 S.W.2d 428, 432 (Tex. App.—Houston [14th Dist.] 1999, no pet. h.). The purpose of the summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Id.* at 436 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (referring to federal standard for reviewing summary judgment holdings)). Thus, the focus is shifted from the pleadings to the actual evidence. *Id.*

The party moving for a no-evidence summary judgment should specifically state the elements as to which there is no evidence. *Ethridge v. Hamilton County Electrical Coop.,* 995 S.W.2d 292, 295 (Tex.App.—Waco 1999, no pet. h.). It is then the nonmovant's burden to bring forth evidence that raises a fact issue on the challenged elements. *Heiser v. Eckerd Corp.,* 983 S.W.2d 313, 316 (Tex.App.—

Fort Worth 1998, no pet.); *Jackson v. Fiesta Mart, Inc.,* 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.). The nonmovant "is not required to marshal its proof," but need only point out the evidence produced which establishes that a question of fact exists. *Bomar v. Walls Regional Hosp.,* 983 S.W.2d 834, 840 (Tex.App.—Waco 1998, pet. filed).

On appeal, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *See Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998); *Connell v. Connell,* 889 S.W.2d 534, 538 (Tex. App.—San Antonio 1994, writ denied).

## GOOD FAITH DISAGREEMENTS

In her fifth issue, Robinson asserts that the court erred in granting summary judgment "as such a drastic remedy is not appropriate where good-faith disagreements exist as to the type and level of evidence required." Robinson argues that the "new" summary judgment rule, if read as suggested by the defendant and as accepted by the trial court, "transcends and basically voids a half-century of summary judgment case law." She is correct. We have already detailed the standard of review to be used in a no-evidence summary judgment. This is a significant change in summary judgment practice in Texas. The court did not abuse its discretion in granting "such a drastic remedy." Issue five is overruled.

## IMPROPER HEARSAY

Robinson's second, third, and fourth issues all complain that the court erred in striking evidence attached to her response to the motion for summary judgment. In her second issue, she specifically

complains of error in sustaining the defendant's objection to statements contained in her affidavit indicating that an unidentified nurse and a physician named Dr. Lea told her that the flu vaccine could cause a false-positive test result. Specifically, the affidavit states:

> I received my first notice of the flu vaccine/HTLV I and II connection from the Red Cross nurse.... I went through three different doctors over more than a year to finally find one who could help me. Dr. Lea was able to give me a test that showed negative. Dr. Lea was aware of the same connection that the Red Cross [nurse] knew....

Neither the nurse nor Dr. Lea submitted affidavits.

Citing Rule of Evidence 801(d), Robinson asserts on appeal that these statements were not offered for the truth of the matter asserted. *See* TEX.R. EVID. 801(d) (defining hearsay). If offered for their truth, the court correctly excluded them. If not offered for the truth, then the statements could not have been considered for the purpose of proving that the false-positive test result was caused by the flu vaccine. Issue two is overruled.

■ In her third issue, Robinson complains that the court improperly excluded statements in her affidavit relating a causal link between the vaccine and the test results. Robinson urges that a "plain reading of the affidavit indicates that Plaintiff's entire testimony on the subject was that she had been informed of the link, did her own research, and found documentation of the link, some of which she attached to her affidavit." She further urges that she "was clearly only reporting the information she had received." Robinson's affidavit asserts:

> I have done my own research and determined there are government reports and journal articles documenting the link between the HTLV positives and the flu vaccines. I have attached one of the articles which documents this link. I am shocked that the manufacturers of the flu vaccine have not warned consumers or even health-care professionals of these problems.

Robinson seems to assert that the statements in her affidavit do not attempt to establish the causal link, but rather detail "information she had received" which established the causal link.

The fact that Robinson had reviewed relevant medical literature did not qualify her to testify as to the information contained in that literature. Robinson states in her affidavit that she is a Licensed Vocational Nurse (LVN) and has given many flu shots in the past. To testify regarding information contained in medical literature, Robinson had to establish that her knowledge, experience, skill, training, or education were such that the court could conclude that she had expertise regarding causation. *Broders v. Heise,* 924 S.W.2d 148, 153 (Tex.1996); *see also Wilcox v. Hempstead,* 992 S.W.2d 652, 658 (Tex.App.—Fort Worth 1999, no pet. h.). Stating that she is an LVN who has given flu shots does not qualify her to explain the causal link between the flu vaccine and false-positive blood tests. Thus, this testimony was likewise inadmissible as unqualified expert testimony. Issue three is overruled.

■ In her fourth issue, Robinson contends that the court improperly excluded as hearsay an article published in the American Medical Association (AMA) Journal. She first asserts that the article was not offered for the truth of the matter asserted, but rather "to evidence the fact that literature does exist documenting the phenomenon of the factual correlation between vaccine administration and false positive test results." Robinson has not cited any authority allowing such an exception to the hearsay rule and we find none. Additionally, as stated in our discussion of issue two, if the article was not offered for the truth of the matter asserted, then it could not be considered as evidence of causation.

■ She further urges that the court should have taken judicial notice of the article as it is "clearly" a learned treatise. We find no authority to support this contention. For a statement contained in a learned treatise to be excluded from the application of the hearsay rule, it must be "called to the attention of an expert witness upon cross-examination or relied upon by the expert in direct examination." Tex.R. Evid. 803(18). Robinson did not bring forth an expert who relied on the article; thus, the initial prerequisite of the exception was not satisfied. *See id.* ("To the extent called to the attention of an expert witness upon cross-examination or relied upon by the expert in direct examination, . . . ."); *Owens–Corning Fiberglas Corp. v. Malone,* 916 S.W.2d 551, 559 (Tex. App.—Houston [1st Dist.] 1996), *aff'd,* 972 S.W.2d 35 (Tex.1998). The article was not admissible as a learned treatise.

■ Robinson also asserts that the article is a report of a study done by the Bureau of Public Health and the Centers for Disease Control and falls within the public records and reports exception to the hearsay rule. *See id.* 803(8)(C). Rule 803(8)(C) excludes from the hearsay rule "Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth: . . . in civil cases as to any party and in criminal cases as against the state, factual findings resulting from an investigation made pursuant to authority granted by law; unless the sources of information or other circumstances indicate lack of trustworthiness." *Id.* Federal courts have set forth factors for consideration in determining the trustworthiness of a report under Federal Rule of Evidence 803(8)(C), which is identical to Texas Rule of Evidence 803(8)(C). These factors include:

> . . . the timeliness of the investigation, the special skill and experience of the investigator; whether a hearing was held and the level at which it was conducted; and any possible motivation

problems in the preparation of the report.

*Perrin v. Anderson,* 784 F.2d 1040, 1047 (10th Cir.1986). Robinson made no showing of trustworthiness. Furthermore, the evidence at issue here is an article and not a record, report, statement, or data compilation of a public office or agency. The information contained within the article may summarize a study, but cannot be said to be a report of an agency. Thus, the article is not admissible under Rule 803(8)(C). Because the article is hearsay, it was properly excluded. Issue four is overruled.

## CAUSATION

In her first issue, Robinson urges that the court erred in granting summary judgment because the evidence created a material issue of fact. She asserts that the AMA article which she attached to her response to the motion for summary judgment "clearly reports that [there] has been a link between flu vaccine and HTLV positive results." She further asserts that "[t]he short time period between the vaccine and the results and the published link of the vaccine and the results combined with the eventual negative test are by themselves, sufficient proof to support a conclusion that the vaccine was the cause of the result."

Robinson's response consisted of only the AMA journal article and her own affidavit. We have already determined that the article and parts of Robinson's affidavit were properly excluded by the trial court. Thus, Robinson provided no evidence on the issue of causation.

■ Under Rule 166a(i), summary judgment *must* be granted if the party opposing the motion fails to bring forth competent summary judgment evidence. *Jackson,* 979 S.W.2d at 71–72. The defendants asserted in a motion for summary judgment that there was no evidence that the vaccine caused Robinson's false-positive test results. Robinson failed to bring forth competent evidence to show causa-

tion. Thus, summary judgment was properly granted. Issue one is overruled.

Having overruled all issues presented for review, we affirm the judgment.