NUMBER 13-99-296-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


MARIA HELENA ZAPATA, Appellant,


v.



ALLISON & HUERTA, ET. AL., Appellees.

____________________________________________________________________


On appeal from the 94th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez



Opinion by Justice Chavez



 This is an appeal of a summary judgment in favor of the defendant
in a legal malpractice claim. Appellant Maria Zapata brought suit
against the Allison & Huerta Partnership, Douglas A. Allison, Steven T.
Hastings and Jeanette Cantu-Bazar alleging that appellees were
negligent, grossly negligent, and had breached their fiduciary duty to
her by 1) failing to file suit on her behalf before the expiration of the
statute of limitations of her underlying claim, and 2) misleading her into
believing that she was a part of a class action, that she had a separate
claim that was separately viable, and that she would be compensated
for her damages in the underlying cause of action.

 The underlying suit arose out of a release of butadiene from a
plant owned by Occidental Chemical Corporation (OxyChem) in October
1992. On or about January 1, 1993, appellant became pregnant. In
May 1993 appellant learned that she was carrying an anencephalic
fetus and chose to terminate her pregnancy. Appellant believes that the
damage to her fetus was directly related to exposure to the butadiene
released in October 1992 and entered into a contract with the Law
Offices of Allison & Huerta to bring suit against OxyChem on her behalf.

 The Allison & Huerta firm did not pursue her suit individually. 
Instead, they included appellant in a class action lawsuit they pursued
against OxyChem which was ultimately settled. Appellant was
awarded $5500 as a member of a certified mandatory class which she
has refused to accept.(1) The Allison & Huerta firm did not maintain
contact with appellant. They did not inform appellant of any plans to
include her in the class action suit. Appellant learned of the $5500
settlement on her own, without notification from Allison & Huerta.

 The proper inquiry on appeal of summary judgment is whether the
appellant fulfilled her initial burden 1) to establish as a matter of law
that there remains no genuine issue of material fact as to one or more
essential elements of the plaintiff's cause of action or 2) to establish his
affirmative defense to the plaintiff's cause of action as a matter of law. 
Rhone-Poulenc, Inc. v. Kenda Steel, 997 S.W.2d, 217, 222 (Tex. 1999). 
In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant must be
taken as true, with every reasonable inference indulged in favor of the
non-movant, and any doubts resolved in his favor. Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 549 (Tex. 1985). The
elements of legal malpractice based on negligent handling of a case are
as follows:

 1) A duty on the part of the lawyer to use the degree of care
required of an ordinarily prudent member of the legal
profession;


 2) A breach of that duty;


 3) A proximate cause between the negligent act and resulting
injury;


 4) Actual loss or damage resulting from the attorney's
negligent conduct.

 

Cosgrove v. Grimes, 774 S.W.2d 662, 665 (Tex. 1989).

 Appellant complains that appellees have mischaracterized their
motion for summary judgment as a no evidence summary judgment. 
In their motion for summary judgment, appellees argued that appellant
did not prove that the release of the butadiene was the proximate cause
of her injury. Without this evidence, appellant cannot prove any actual
loss or damage from any negligence by Allison & Huerta. 

 A no evidence motion for summary judgment is improper if there
is more than a scintilla of probative evidence to raise a genuine issue of
material fact. Merrell Dow Pharmaceuticals v. Havner, 953 S.W.2d 706,
711 (Tex. 1997). Evidence in a no evidence motion for summary
judgment is reviewed in light most favorable to the non-movant. 
Robinson v. Drug, 998 S.W.2d 407, 411 (Tex. App.--Waco 1999, no
pet. h.). 

 Appellant submitted only her own affidavit, stating her belief that
the OxyChem discharge proximately caused the anencephaly. 
Appellees objected to her statement under Texas Rule of Evidence 702,(2)
and the trial court struck her affidavit. The trial court gave appellant
fifteen days in which to file an expert affidavit establishing a -causal
connection, which she did not do. This in itself entitles appellees to
summary judgment.

 We AFFIRM the judgment of the trial court.

 MELCHOR CHAVEZ

 Justice


Do not publish. Opinion delivered and filed
this

Tex. R. App. P. 47.3. the 19th day of October,
2000.



1. We note that appellant's attempt to analogize her case to the
"Baby Josephine" case where high damages were awarded to an
anencephalic child is without merit. No cause of action exists in
Texas for death or injury to a fetus which is not born alive. Edinburg
Hosp. Auth. v. Trevino, 941 S.W.2d 76, 79 (Tex. 1997).
2. If scientific, technical, or other specialized knowledge will
assist the trier of fact to understand the evidence or to determine a
fact in issue, a witness qualified as an expert by knowledge, skill,
experience, training or education may testify thereto in the form of an
opinion or otherwise. Tex. R. Evid. 702.