Noah Kenneth Dodd v. City of Beverly Hills
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-403-CV

     NOAH KENNETH DODD,
                                                                         Appellant
     v.

     THE CITY OF BEVERLY HILLS,
                                                                         Appellee
 

From the 170th District Court
McLennan County, Texas
Trial Court # 98-161-4
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Noah Kenneth Dodd sued his former employer, the City of Beverly Hills, claiming he had
been wrongfully terminated. The City moved for summary judgment, which the court granted. 
Dodd brings this appeal complaining that the court erred in granting summary judgment because
genuine issues of material fact were presented. Finding that to be true, we will reverse the
judgment and remand the cause for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
      Dodd began working for the street department of the City of Beverly Hills (“City”) in April
1991. Dodd’s brother was already an employee of the City when he was hired. His employment
with the City ended in September 1997. According to the parties, there is a factual dispute as to
how it ended. The City contends that Dodd voluntarily resigned, while Dodd maintains that he
was fired. On appeal, however, the City presumes that Dodd was fired by then Mayor Betty
Gibbs. The purported reason for termination was that his and his brother’s employment by the
City at the same time violated the City’s policy against nepotism. The policy is found in the
General Personnel Manual that is given to all employees, and it states:
No person related within second degree by marriage, or by the third degree by blood, to any
member of the council or the city manager or any department head shall be appointed to any
paid office, position, clerkship, or other service of the city. This prohibition shall not apply,
however, to any person who shall have been continuously employed by the city for two (2)
years or more prior to the election of the council member, or appointment of the department
head, so related to him.
 
The department head may apply the nepotism prohibition in the case of other organizational
and/or personal relationships when failure to do so would be detrimental to the city.

His brother was not a council member, the city manager, or the head of a department. Dodd, on
the other hand, was the “supervisor” of the street department. It is unclear from the record and
the parties’ briefs if this means Dodd was the head of that department. Nevertheless, Jean
Perkins, the city secretary, wrote a letter dated September 24, 1997, stating: “[d]ue to the fact the
City is in violation of the Nepotism law, Mr. Dodd had to be terminated with the City. That is
the only reason for his termination.”
      In 1998, Dodd sued the City, alleging in his original petition that he “was wrongfully and
illegally fired.” His second amended petition alleges three causes of action: 1) the City had
violated the Open Meetings Act; 2) the City fired him in retaliation for filing a worker’s
compensation claim; and 3) a declaratory judgment. The City filed a “no-evidence” summary
judgment under Rule 166a(i). Tex. R. Civ. P. 166a(i). In his response to the City’s summary-judgment motion, Dodd expressly abandoned the first two claims and addressed only the merits
of the declaratory judgment action. The trial court granted the City’s summary judgment motion
without stating the specific reasons for doing so. “When the trial court does not specify the basis
for its summary judgment, the appealing party must show it is error to base it on any ground
asserted in the motion.” Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).
STANDARD OF REVIEW
      We apply the same standard in reviewing a no-evidence summary judgment as we would in
reviewing a directed verdict. Robinson v. Warner-Lambert Co., 998 S.W.2d 407, 410 (Tex.
App.—Waco 1999, no pet.). We review the summary-judgment evidence in the light most
favorable to the non-movant, disregarding all contrary evidence and inferences. Id. A
no-evidence summary judgment will be defeated if the non-movant produces more than a scintilla
of probative evidence to raise a genuine issue of material fact on the elements challenged by the
movant. Moore v. K-Mart Corp., 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet.
denied). We review a summary judgment de novo. Rucker v. Bank One Texas, N.A., 36 S.W.3d
649, 653 (Tex. App.—Waco 2000, pet. denied) (citing Sasser v. Dantex Oil & Gas, Inc., 906
S.W.2d 599, 602 (Tex. App.—San Antonio 1995, writ denied)).
DISCUSSION
      Dodd presents five issues for our review. The first argues that the summary judgment motion
did not satisfy the requirements of Rule 166a(i) of the Rules of Civil Procedure. The other four
contend that summary judgment was improper because the evidence raises these “fact issues”: a)
whether Dodd’s at-will employee status was altered by an oral contract; b) whether the only reason
the City fired him was because he violated the City’s policy against nepotism; c) whether Mayor
Gibbs had the authority to terminate him; and d) whether he had a right to address the city council
concerning the allegation that he violated the nepotism policy.
Is the City’s summary judgment motion sufficient under Rule 166a(i)?
      Dodd’s response to the summary-judgment motion argues that the motion failed to satisfy Rule
166a(i) because the City did not specifically state the elements as to which there was no evidence. 
Tex. R. Civ. P. 166a(i). Dodd stated in the petition that he was suing the City for a declaratory
judgment under section 37.004 of the Declaratory Judgments Act (DJA), which provides:
(a) A person interested under a deed, will, written contract, or other writings constituting a
contract or whose rights, status, or other legal relations are affected by a statute, municipal
ordinance, contract, or franchise may have determined any questions of construction or
validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a
declaration of rights, status, or other legal relations thereunder.

      (b) A contract may be construed either before or after there has been a breach.

Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (Vernon 1997). Dodd asserted that he was suing
under section 37.004 as a person whose rights have been affected by a statute or ordinance.


 Dodd
requested that the trial court declare: (1) he did not violate “nepotism regulations”; (2) Mayor
Gibbs had no authority without council approval to fire him; and (3) he was denied procedural due
process.



      The City’s challenges to Dodd’s cause of action, which were alleged in its motion for
summary judgment, were: (1) Dodd was an at-will employee, and therefore the reason for his
firing was irrelevant and his claims must fail as a matter of law; (2) there is no evidence or law
to support Dodd’s claim that the Mayor did not have the authority to fire him;


 and (3) there is no
factual basis for Dodd’s claim that he was entitled to address the city council. The motion gave
Dodd notice of the matters on which he must produce some evidence, which is the purpose of that
part of Rule 166a(i). Therefore, the motion complied with the rule. The first issue is overruled.
Was Dodd’s employee status at-will or for cause?
      Under Texas law, “absent a specific agreement to the contrary, employment may be
terminated by the employer or the employee at will, for good cause, bad cause or no cause at all.” 
Montgomery County Hosp. Dist. v. Brown, 965 S.W.2d 501, 502 (Tex. 1998). At-will
employment, however, may be modified based on oral statements of those in authority. See id.;
Gilmartin v. KVTV-Channel 13, 985 S.W.2d 553, 555 (Tex. App.—San Antonio 1998, no pet.). 
For that to happen, oral statements must show that the employer indicates a definite intent to be
bound not to terminate the employee except in specified circumstances. Brown, 965 S.W.2d at
502; Welch v. Doss Aviation Inc., 978 S.W.2d 215, 220-21 (Tex. App.—Amarillo 1998, no pet.). 
General comments will not suffice; an employee must prove a more formal agreement with the
employer to modify at-will employment. Brown, 965 S.W.2d at 502; Gilmartin, 985 S.W.2d at
556.
      The summary judgment may be defeated if Dodd has produced more than a scintilla of
probative evidence to raise a genuine issue of material fact on this issue. Moore, 981 S.W.2d at
269. No more than a scintilla of evidence “exists when the evidence offered to prove a vital fact
is so weak so as to do no more than create a mere surmise or suspicion of its existence, and in
legal effect is no evidence.” Coastal Conduit & Ditching v. Noram Energy, 29 S.W.3d 282, 284-85 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing Kindred v. Con/Chem, Inc., 650
S.W.2d 61, 63 (Tex. 1983)). The only summary judgment evidence presented by Dodd on the
issue of his at-will status is his own affidavit in which he stated: “I was told that if there was no
violation [of the policy against nepotism], I would not be terminated, as the city was pleased with
my job performance.” Dodd did not say who made this oral statement to him, i.e., whether it was
a person in authority. Brown, 965 S.W.2d at 502. The oral statement is no more than a general
comment and it does not reveal the existence of a more “formal agreement” between Dodd and
the City. Id. Thus, we conclude the oral statement is no more than a scintilla of evidence because
it creates only a “mere surmise or suspicion” that Dodd’s at-will status had been modified. Noram
Energy, 29 S.W.3d at 284-85. Accordingly, Dodd’s second issue is overruled.
Was Dodd terminated over nepotism?
      Dodd’s third issue complains that summary judgment was improper because there was
evidence to raise a “fact issue that the City’s only reason for Dodd’s termination was the violation
of its nepotism policy . . . .” (Appellant’s Brief P. 11). As discussed in the previous section,
Dodd was an at-will employee and there is no evidence that there had been a modification of that
status. Thus, because as a matter of law the City could have fired him for “good cause, bad cause,
or no cause at all,” a fact issue on what the purported reason was for his termination is irrelevant. 
Brown, 965 S.W.2d at 502. Accordingly, his third issue is overruled.
Did Mayor Gibbs have the authority to terminate Dodd?
      Dodd asked the court to declare that Mayor Gibbs did not have the authority to terminate
him.


 We note that the issue of whether the Mayor had the authority to fire Dodd is a question
of law. Gibson v. Waco Independent School Dist., 971 S.W.2d 199, 201 (Tex. App.—Waco
1998), vacated on other grounds, 22 S.W.3d. 849 (Tex. 2000) (“The issue of whether a particular
action was taken without authority or violates a statute is generally a question of law.”). The
sources for the Mayor’s authority are: (1) state law, (2) city charter, and (3) actions of the city
council.
      The City is a “Type A General-Law Municipality” and, therefore, is governed by Chapter 22
of the Local Government Code. Tex. Loc. Gov’t Code Ann. § 22.001 (Vernon 1999). Section
22.042 sets forth the powers and duties of a mayor of this type of municipality, and it states in
part:
(a) The mayor is the chief executive officer of the municipality. The mayor shall at all
times actively ensure that the laws and ordinances of the municipality are properly carried
out. The mayor shall perform the duties and exercise the powers prescribed by the
governing body of the municipality.

Id. § 22.042. Dodd emphasizes that Section 22.042 does not give Mayor Gibbs the express
authority to terminate city employees. The City contends without authority that because the mayor
is the “chief executive officer,” the common meaning of that term implies that she has broad
powers including the authority to hire and fire employees. Section 22.042 states that the mayor
must perform the “duties and exercise the powers prescribed by the governing body of the
municipality.” Id. Thus, it is possible that Mayor Gibbs has been given the authority to terminate
employees by the city council.
      Dodd attached as summary judgment evidence, however, selected chapters from the General
Personnel Manual given to all city employees. Chapter Three is entitled “Appointment,” and
section one of that chapter provides: “Except as otherwise provided by charter or ordinance, the
appointing authority for all positions shall be the city council.” Assuming without deciding that
whether a particular ordinance has been adopted by the city council is a fact question, the only
summary judgment evidence on the question shows that only the city council can hire or terminate
employees. Thus, Dodd produced more than a scintilla of probative evidence to raise a genuine
issue of material fact about the basis of Mayor Gibbs’ authority to fire him. Accordingly, we hold
that Dodd has defeated the no-evidence summary judgment on this issue. Moore, 981 S.W.2d at
269. We will reverse the summary judgment.
Was procedural due process denied?
      Having determined that we will reverse the judgment, we do not address this issue.
CONCLUSIONFinding fact issues regarding Dodd’s claim, we reverse the summary judgment and remand
the cause for further proceedings.
 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray dissenting)
Reversed and remanded
Opinion delivered and filed March 27, 2002
Publish
[CV06]