**Noah Kenneth DODD, Appellant,**

v.

**THE CITY OF BEVERLY HILLS, Appellee.**

**No. 10–00–403–CV.**

Court of Appeals of Texas, Waco.

March 27, 2002.

Dissenting Opinion as Modified May 22, 2002.

Rehearing Overruled May 22, 2002.

Kathleen French Dow, Buenger & Associates, Waco, for appellant.

Enid A. Wade, Naman, Howell, Smith & Lee, P.C., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

Noah Kenneth Dodd sued his former employer, the City of Beverly Hills, claiming he had been wrongfully terminated. The City moved for summary judgment, which the court granted. Dodd brings this appeal complaining that the court erred in granting summary judgment because genuine issues of material fact were presented. Finding that to be true, we will reverse the judgment and remand the cause for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Dodd began working for the street department of the City of Beverly Hills ("City") in April 1991. Dodd's brother was already an employee of the City when he was hired. His employment with the City ended in September 1997. According to the parties, there is a factual dispute as to how it ended. The City contends that Dodd voluntarily resigned, while Dodd maintains that he was fired. On appeal, however, the City presumes that Dodd was fired by then Mayor Betty Gibbs. The purported reason for termination was that his and his brother's employment by the City at the same time violated the City's policy against nepotism. The policy is found in the General Personnel Manual that is given to all employees, and it states:

> No person related within second degree by marriage, or by the third degree by blood, to any member of the council or the city manager or any department head shall be appointed to any paid office, position, clerkship, or other service of the city. This prohibition shall not apply, however, to any person who shall have been continuously employed by the city for two (2) years or more prior to the election of the council member, or appointment of the department head, so related to him.

> The department head may apply the nepotism prohibition in the case of other organizational and/or personal relationships when failure to do so would be detrimental to the city.

His brother was not a council member, the city manager, or the head of a department. Dodd, on the other hand, was the "supervisor" of the street department. It is unclear from the record and the parties' briefs if this means Dodd was the head of that department. Nevertheless, Jean Perkins, the city secretary, wrote a letter dated September 24, 1997, stating: "[d]ue to the fact the City is in violation of the Nepotism law, Mr. Dodd had to be terminated with the City. That is the only reason for his termination."

In 1998, Dodd sued the City, alleging in his original petition that he "was wrongfully and illegally fired." His second amended petition alleges three causes of action: 1) the City had violated the Open Meetings Act; 2) the City fired him in retaliation for filing a worker's compensation claim; and 3) a declaratory judgment. The City filed a "no-evidence" summary

judgment under Rule 166a(i). Tex.R. Civ. P. 166a(i). In his response to the City's summary-judgment motion, Dodd expressly abandoned the first two claims and addressed only the merits of the declaratory judgment action. The trial court granted the City's summary judgment motion without stating the specific reasons for doing so. "When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion." *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995).

## STANDARD OF REVIEW

We apply the same standard in reviewing a no-evidence summary judgment as we would in reviewing a directed verdict. *Robinson v. Warner–Lambert Co.*, 998 S.W.2d 407, 410 (Tex.App.-Waco 1999, no pet.). We review the summary-judgment evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Id.* A no-evidence summary judgment will be defeated if the non-movant produces more than a scintilla of probative evidence to raise a genuine issue of material fact on the elements challenged by the movant. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied). We review a summary judgment *de novo*. *Rucker v. Bank One Texas, N.A.*, 36 S.W.3d 649, 653 (Tex.App.-Waco 2000, pet. denied) (citing *Sasser v. Dantex Oil & Gas, Inc.*, 906 S.W.2d 599, 602 (Tex.App.-San Antonio 1995, writ denied)).

## DISCUSSION

Dodd presents five issues for our review. The first argues that the summary judgment motion did not satisfy the requirements of Rule 166a(i) of the Rules of Civil Procedure. The other four contend that summary judgment was improper because the evidence raises these "fact issues": a) whether Dodd's at-will employee status was altered by an oral contract; b) whether the only reason the City fired him was because he violated the City's policy against nepotism; c) whether Mayor Gibbs had the authority to terminate him; and d) whether he had a right to address the city council concerning the allegation that he violated the nepotism policy.

## Is the City's summary judgment motion sufficient under Rule 166a(i)?

Dodd's response to the summary-judgment motion argues that the motion failed to satisfy Rule 166a(i) because the City did not specifically state the elements as to which there was no evidence. Tex.R. Civ. P. 166a(i). Dodd stated in the petition that he was suing the City for a declaratory judgment under section 37.004 of the Declaratory Judgments Act (DJA), which provides:

> (a) A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any questions of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

> (b) A contract may be construed either before or after there has been a breach.

Tex. Civ. Prac. & Rem.Code Ann. § 37.004 (Vernon 1997). Dodd asserted that he was suing under section 37.004 as a person whose rights have been affected by a statute or ordinance.[1] Dodd requested that the trial court declare: (1) he did not violate "nepotism regulations"; (2) Mayor Gibbs had no authority without council ap-

---

**1.** Although Dodd brought the declaratory judgment action under section 37.004 be-

proval to fire him; and (3) he was denied procedural due process.[2]

■ The City's challenges to Dodd's cause of action, which were alleged in its motion for summary judgment, were: (1) Dodd was an at-will employee, and therefore the reason for his firing was irrelevant and his claims must fail as a matter of law; (2) there is no evidence or law to support Dodd's claim that the Mayor did not have the authority to fire him;[3] and (3) there is no factual basis for Dodd's claim that he was entitled to address the city council. The motion gave Dodd notice of the matters on which he must produce some evidence, which is the purpose of that part of Rule 166a(i). Therefore, the motion complied with the rule. The first issue is overruled.

**Was Dodd's employee status at-will or for cause?**

■ Under Texas law, "absent a specific agreement to the contrary, em-ployment may be terminated by the employer or the employee at will, for good cause, bad cause or no cause at all." *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex.1998). At-will employment, however, may be modified based on oral statements of those in authority. *See id.; Gilmartin v. KVTV–Channel 13*, 985 S.W.2d 553, 555 (Tex.App.-San Antonio 1998, no pet.). For that to happen, oral statements must show that the employer indicates a definite intent to be bound not to terminate the employee except in specified circumstances. *Brown*, 965 S.W.2d at 502; *Welch v. Doss Aviation Inc.*, 978 S.W.2d 215, 220–21 (Tex.App.-Amarillo 1998, no pet.). General comments will not suffice; an employee must prove a more formal agreement with the employer to modify at-will employment. *Brown*, 965 S.W.2d at 502; *Gilmartin*, 985 S.W.2d at 556.

■ The summary judgment may be defeated if Dodd has produced more than

---

cause he claimed his rights had been affected by a statute or ordinance, his petition did not state which statute or ordinance. In his response to the summary judgment motion, he claimed that the City's policy against nepotism was in essence a "statute or municipal ordinance." But the nepotism policy found in the employee manual is not a statute or ordinance. Nevertheless, the propriety of Dodd's suit for declaratory judgment is not in question because the Declaratory Judgments Act is not limited in its application to strict actions to declare rights under statutes, but is applicable whenever there is a justiciable controversy involving uncertainty or insecurity as to rights, legal relations or status of parties and when declaratory relief will settle the dispute and put an end to the controversy. *Duncan Land & Exploration v. Littlepage*, 984 S.W.2d 318, 334 (Tex.App.-Fort Worth 1998, pet. denied) (citing *Anderson v. McRae*, 495 S.W.2d 351, 356 (Tex.Civ.App.-Texarkana 1973, no writ)).

2. Under the Declaratory Judgments Act, a trial court cannot order an employee's reinstatement after wrongful termination based on a finding that the employer violated the employee's right to due process under the state constitution. *Texas Animal Health Com'n v. Garza*, 27 S.W.3d 54, 63–64 (Tex.App.-San Antonio 2000, pet. denied).

3. On appeal, Dodd argues that this challenge constitutes an "affirmative defense" in which the City had the burden of proof. Thus, he argues that the City was not entitled to bring a no-evidence complaint regarding this issue. *Harrill v. A.J.'s Wrecker Service, Inc.*, 27 S.W.3d 191, 194 (Tex.App.-Dallas 2000, pet. dism'd w.o.j.); *see* TEX.R. CIV. P. 166a(i). Dodd did not present this argument to the trial court in his response to the City's motion. Rule 166a(c) states that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX.R. CIV. P. 166a(c). Therefore, under Rule 166a(c) we cannot consider this argument as a ground for reversal since the trial court was not given the opportunity to consider the issue when it ruled on the motion. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 676 (Tex.1979).

a scintilla of probative evidence to raise a genuine issue of material fact on this issue. *Moore,* 981 S.W.2d at 269. No more than a scintilla of evidence "exists when the evidence offered to prove a vital fact is so weak so as to do no more than create a mere surmise or suspicion of its existence, and in legal effect is no evidence." *Coastal Conduit & Ditching v. Noram Energy,* 29 S.W.3d 282, 284–85 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (citing *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983)). The only summary judgment evidence presented by Dodd on the issue of his at-will status is his own affidavit in which he stated: "I was told that if there was no violation [of the policy against nepotism], I would not be terminated, as the city was pleased with my job performance." Dodd did not say who made this oral statement to him, *i.e.,* whether it was a person in authority. *Brown,* 965 S.W.2d at 502. The oral statement is no more than a general comment and it does not reveal the existence of a more "formal agreement" between Dodd and the City. *Id.* Thus, we conclude the oral statement is no more than a scintilla of evidence because it creates only a "mere surmise or suspicion" that Dodd's at-will status had been modified. *Noram Energy,* 29 S.W.3d at 284–85. Accordingly, Dodd's second issue is overruled.

**Was Dodd terminated over nepotism?**

▆ Dodd's third issue complains that summary judgment was improper because there was evidence to raise a "fact issue that the City's only reason for Dodd's termination was the violation of its nepotism policy ...." (APPELLANT'S BRIEF P. 11). As discussed in the previous section, Dodd was an at-will employee and there is no evidence that there had been a modification of that status. Thus, because as a

matter of law the City could have fired him for "good cause, bad cause, or no cause at all," a fact issue on what the purported reason was for his termination is irrelevant. *Brown,* 965 S.W.2d at 502. Accordingly, his third issue is overruled.

**Did Mayor Gibbs have the authority to terminate Dodd?**

▆ Dodd asked the court to declare that Mayor Gibbs did not have the authority to terminate him.[4] We note that the issue of whether the Mayor had the authority to fire Dodd is a question of law. *Gibson v. Waco Independent School Dist.,* 971 S.W.2d 199, 201 (Tex.App.-Waco 1998), *vacated on other grounds,* 22 S.W.3d 849 (Tex.2000) ("The issue of whether a particular action was taken without authority or violates a statute is generally a question of law."). The sources for the Mayor's authority are: (1) state law, (2) city charter, and (3) actions of the city council.

The City is a "Type A General Law Municipality" and, therefore, is governed by Chapter 22 of the Local Government Code. TEX. LOC. GOV'T CODE ANN. § 22.001 (Vernon 1999). Section 22.042 sets forth the powers and duties of a mayor of this type of municipality, and it states in part:

(a) The mayor is the chief executive officer of the municipality. The mayor shall at all times actively ensure that the laws and ordinances of the municipality are properly carried out. The mayor shall perform the duties and exercise the powers prescribed by the governing body of the municipality.

*Id.* § 22.042. Dodd emphasizes that Section 22.042 does not give Mayor Gibbs the express authority to terminate city employees. The City contends without authority that because the mayor is the "chief executive officer," the common

4. Thus, he had the burden of proof on that issue.

meaning of that term implies that she has broad powers including the authority to hire and fire employees. Section 22.042 states that the mayor must perform the "duties and exercise the powers prescribed by the governing body of the municipality." *Id.* Thus, it is possible that Mayor Gibbs has been given the authority to terminate employees by the city council.

Dodd attached as summary judgment evidence, however, selected chapters from the General Personnel Manual given to all city employees. Chapter Three is entitled "Appointment," and section one of that chapter provides: "Except as otherwise provided by charter or ordinance, the appointing authority for all positions shall be the city council." Assuming without deciding that whether a particular ordinance has been adopted by the city council is a fact question, the only summary judgment evidence on the question shows that only the city council can hire or terminate employees. Thus, Dodd produced more than a scintilla of probative evidence to raise a genuine issue of material fact about the basis of Mayor Gibbs' authority to fire him. Accordingly, we hold that Dodd has defeated the no-evidence summary judgment on this issue. *Moore*, 981 S.W.2d at 269. We will reverse the summary judgment.

**Was procedural due process denied?**

Having determined that we will reverse the judgment, we do not address this issue.

**CONCLUSION**

Finding fact issues regarding Dodd's claim, we reverse the summary judgment and remand the cause for further proceedings.

Justice TOM GRAY dissenting.

TOM GRAY, Justice, dissenting.

I concur in the analysis in the majority opinion other than the discussion of whether some evidence was presented that the mayor did not have the authority to terminate Dodd. I do not believe there is any reason to send this case back to the trial court for further proceedings.

A chapter from a general personnel manual is the only "evidence" the majority references in support of the determination that the mayor may not have the authority to fire Dodd. There is no evidence that it had been adopted by the city council. Additionally, the statement relied upon by the majority to conclude that only the city council can hire or terminate employees refers only to "appointments." It says nothing about termination. The provision states: "Except as otherwise provided by chapter or ordinance, the appointing authority for all positions shall be the city council" Termination is simply not mentioned. Accordingly, I do not find this to be any evidence that the mayor did not have the authority to terminate Dodd.

The statute that Dodd attached to his response does, however, contain a provision that provides the mayor with the authority to terminate Dodd. The statute provides: "The mayor shall at all times actively ensure that the laws and ordinances of the municipality are properly carried out." TEX. LOC. GOV'T CODE ANN. § 22.001 (Vernon 1999). The same section refers to the mayor as the chief executive officer of the municipality. *Id.* Where a governmental official is given authority, the law implies the powers necessary for the official to be effective. *See Nixon v. City of Houston*, 560 S.W.2d 447, 449 (Tex. Civ.App.—Houston [14th Dist.] 1997, pet. ref'd n.r.e.).

While we have held that Dodd was an employee at will, the evidence presented by Dodd establishes that the mayor's stat-

ed reason for termination was: "Due to the fact that the City is in violation of the Nepotism law...." Accordingly, the mayor was acting within the authority of the statute to "...at all times actively ensure that the laws and ordinances of the municipality are properly carried out." At the very least, in the context of the evidence presented in response to the no evidence summary judgment motion, no evidence was presented that the mayor did not have the authority to terminate Dodd.

For the foregoing reasons, I would affirm the decision of the trial court. Because the majority does not, I respectfully dissent.