# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00117-CV

**Naseem Akhter, Appellant**

**v.**

**Schlitterbahn Beach Resort Management, LLC and**
**Galveston Waterpark Management, Inc., Appellees**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT
### NO. C2012-1524C, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Naseem Akhter appeals a no-evidence summary judgment on personal-injury claims she had asserted against appellees Schlitterbahn Beach Resort Management, LLC (SBRM) and Galveston Waterpark Management, Inc. (GWMI). We will affirm the district court's judgment.

## BACKGROUND

Akhter's claims arose from a May 2011 incident that occurred while she was visiting the Schlitterbahn Galveston Island Waterpark. According to contemporaneous accounts that are part of the summary-judgment record, Akhter reportedly rode an inner tube down one of the park's slides backwards and ended up impacting portions of the slide and landing pool in a manner causing pain to her head and neck. She filed her suit in late December 2011—in Montgomery County, where she resided—initially naming only appellee SBRM as a defendant, but adding appellee GWMI soon

after SBRM filed a verified denial that it had been sued in the proper capacity and asserting that GWMI was the proper defendant. Both appellees preserved challenges to venue and, over Akhter's opposition, a local trial court granted the motions and transferred the case to Comal County.

In her live pleadings, Akhter sought recovery of damages from appellees based on theories of negligence and gross negligence, alleging specifically that appellees' employees or agents had negligently, or with gross negligence, failed to "properly secure [her] onto the ride" and that appellees had negligently hired, supervised, or trained those employees. On December 12, 2012, after Akhter's suit had been on file for almost one year, the appellees filed a joint no-evidence summary-judgment motion challenging Akhter's proof that (1) either had acted with negligence with respect to the operation of the water ride in question or (2) in the hiring, training, or supervision of employees; that (3) either had been grossly negligent; that (4) any such negligence or gross negligence had been a proximate cause of the occurrence or injuries Akhter had alleged; or that (5) SBRM "had any connection, or right of control over, the staff, employees or agent involved in the operation of the water ride on which [Akhter] was allegedly injured." Akhter filed a response in which she objected that an "adequate time for discovery" had not yet passed, but also attempted to present summary-judgment evidence in an effort to raise fact issues with respect to each of the elements that appellees had challenged. Akhter's summary-judgment proof consisted of: (1) what purported to be five "incident reports" or witness statements that had been prepared by personnel at the water park; (2) what purported to be Akhter's medical records; (3) an affidavit from Akhter's counsel attesting that the foregoing documents had been produced by appellees in response to discovery requests; and (4) an affidavit from Akhter in which she opined, without elaboration,

2

that she had been "improperly secured" on the ride through the acts or omissions of "a waterpark employee[] whose responsibility it was to ensure patrons were properly secured before the ride started."

A hearing was held on January 22, 2013. On the same day, but prior to the start of the hearing, appellees filed written objections to portions of Akhter's affidavit in which she had opined about her "improper securing," arguing that her testimony was incompetent, amounting to bare conclusions lacking a predicate or underlying factual basis. Appellees also objected to the admission of the incident reports and medical records on grounds of hearsay and lack of authentication. During the hearing, however, appellees opted not to seek a ruling on, and thereby waived, their objections to the incident reports and medical records, evidently in the view that Akhter would be entitled to an opportunity to cure any of the defects to which they had objected. *See* Tex. R. Civ. P. 166a(f) ("Defects in the form of affidavits . . . will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend."). Appellees did, however, continue to press their objection to the competency of Akhter's opinions.

Following the hearing, the district court signed a judgment in which it granted appellees' no-evidence motion specifically "after granting [appellees'] substantive objections." This appeal followed.

**ANALYSIS**

Akhter brings five issues on appeal. In her second issue, Akhter complains that appellees' no-evidence summary-judgment motion lacked the specificity required by rule 166a(i).

3

In her third issue, she urges that the district court erred in ruling on appellees' motion without giving her the "adequate time for discovery" that rule 166a(i) contemplates. In her fifth issue, Akhter insists that the district court improperly deprived her of the opportunity to cure evidentiary defects in her summary-judgment proof. Finally, in her first and fourth issues, Akhter argues that the incident reports alone were sufficient to raise fact issues precluding summary judgment.

**Specificity of motion**

In her second issue, Akhter argues that appellees' no-evidence summary-judgment motion was "conclusory" and too general to satisfy rule 166a(i). *See* Tex. R. Civ. P. 166a(i); *id.* cmt. 1997 ("The motion must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case."). The purpose of the specificity requirement is to provide the opposing party with fair notice of the matters on which it must produce some evidence. *See Dodd v. City of Beverly Hills*, 78 S.W.3d 509, 513 (Tex. App.—Waco 2002, pet. denied). But the motion does not have to include a specific attack on the evidentiary components that make up an element of a claim. *Dominguez v. Payne*, 112 S.W.3d 866, 868 (Tex. App.—Corpus Christi 2003, no pet.). Instead, it need only "state the elements as to which there is no evidence." Tex. R. Civ. P. 166a(i).

Appellees' motion met the specificity requirement. The motion explicitly identified the particular elements of each claim as to which appellees argued there was no evidence. Specifically, appellees challenged the existence of evidence that either had failed to satisfy an applicable standard of care, that any such negligence or gross negligence was a proximate cause of her injuries, or that SBRM had any connection with, or right of control over, the staff, employees,

4

or agents involved in the incident. These allegations were sufficient to put Akhter on notice as to the elements for which she was required to produce evidentiary support. We overrule Akhter's second issue.

**Adequate time for discovery**

In her third issue, Akhter brings forward her objection that she did not have "an adequate time for discovery" before appellees sought no-evidence summary judgment. *See* Tex. R. Civ. P. 166a(i) (no-evidence summary-judgment motion may be filed after an "adequate time for discovery"). A "discovery period set by pretrial order" is presumptively an "adequate opportunity for discovery unless there is a showing to the contrary," and "ordinarily a [no-evidence summary-judgment] motion . . . would be permitted after the period but not before." *Id*. cmt. However, the parameters of the discovery period are not singularly or categorically determinative of an adequate opportunity for discovery; instead, we review a trial court's determination that there has been an adequate time for discovery on a case-by-case basis, applying an abuse-of-discretion standard. *See Restaurant Teams Int'l, Inc. v. MG Secs. Corp.*, 95 S.W.3d 336, 339 (Tex. App.—Dallas 2002, no pet.). Considerations in that analysis may include: (1) the nature of the case; (2) the nature of evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion was on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery that had already taken place; and (7) whether the discovery deadlines in place were specific or vague. *Id*.

In contending that she was deprived of an adequate opportunity for discovery, Akhter insists that appellees filed their summary-judgment motion, and that the district court granted

it, several months before the applicable discovery period would have ended. Akhter acknowledges that she filed her original petition on December 29, 2011, and specifically invoked the "level 2" discovery control plan, which had the same effect as a pretrial order establishing a discovery period that began when suit was filed and continued until nine months after "the due date of the first response to written discovery." *See* Tex. R. Civ. P. 190.3(b)(1). Relying on copies of requests for production, requests for admissions, and interrogatories that she claims to have served on appellees in late May 2012—but that are not part of the appellate record—Akhter insists that the discovery period did not begin until late June 2012, which would have placed the end of the nine-month discovery period in late March 2013. However, because these documents are not part of the appellate record, we will not consider them. *See Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 932 n.2 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Moreover, even if we did, the record, as appellees observe, demonstrates that the first written discovery in the case was instead a rule 194 request for disclosures that Akhter served contemporaneously with her original petition. *See* Tex. R. Civ. P. 192.7(a). Consequently, the trigger date for the nine-month discovery period would have been the date on which SBRM's responses to these disclosure requests were due. *See id*. R. 190.3(b)(1).[1]

Although Akhter has failed to bring forth a record revealing when SBRM was served with these requests, which would have been necessary for her to demonstrate that appellees' summary-judgment motion preceded the end of the discovery period, appellees candidly

[1] Although GWMI was not joined as a defendant until later, there is no indication that any court extended or modified the original level 2 discovery control plan. *Cf*. Tex. R. Civ. P. 190.5.

6

acknowledge that they were not served until February 13, 2012, which would mean that the discovery period did not end until January 3, 2013.[2] Consequently, as appellees observe, their summary-judgment motion, filed on December 12, 2012, did precede the discovery cut-off, but only by a mere three weeks—not by months, as Akhter had insisted—and both Akhter's response deadline (January 14) and the summary-judgment hearing (January 22) actually came after the discovery cut-off. But more critical to our analysis, appellees urge, is the fact that the case had been on file for roughly one year by the time they filed their motion—and that still another month elapsed before Akhter filed her response and the hearing was held. We agree that these considerations support the district court's determination that Akhter had an adequate time for discovery. *See Madison v. Williamson*, 241 S.W.3d 145, 155 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding that adequate time for discovery had passed when case had been on file for more than one year when trial court granted summary judgment); *see also Restaurant Teams Int'l*, 95 S.W.3d at 340 (holding that adequate time for discovery had passed, even though discovery period had not yet ended, when case had been pending for seven months).

Relatedly, while having over a year to do so, Akhter made no attempt to obtain the discovery of which she now complains the district court unjustly deprived her. When objecting to

---

[2] Where, as here, requests for disclosures are served before a defendant's answer is due, the response due date—and thus the start of the nine-month discovery period here—is fifty days after service of the request. *See id*. R. 194.3(a). Assuming SBRM was served on February 13, 2012, the response deadline would have been April 3, and nine months after April 3 would have been January 3, 2013. *See* Tex. Gov't Code § 311.014(c) (explaining that "months" are counted between corresponding days); *see also id.* § 311.002(4) (applying Code Construction Act to "each rule adopted under a code"); *In re Walkup*, 122 S.W.3d 215, 217 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) (noting Code Construction Act applies to Texas Rules of Civil Procedure).

7

the timeliness of appellees' no-evidence motion, Akhter indicated the need or desire to depose "Defendants' corporate representatives or other witnesses," which would have presumably included the park employees who were identified in the incident reports she had attached to her summary-judgment response. But there is no indication that Akhter ever pursued these depositions. She attempts to explain her inaction by claiming that she had opted to wait to take the depositions until after the Montgomery County trial court had ruled on appellees' motions to transfer venue. However, that motion was granted on August 13, 2012, roughly four months before appellees filed their summary-judgment motion. Further, there is no indication that Akhter took action to obtain the depositions, or any other discovery, even after she was served with appellees' summary-judgment motion. Finally, the record does not reflect, and Akhter does not argue, that she had attempted to obtain discovery but was prevented from doing so by appellees or the court. *Cf. Tempay, Inc. v. TNT Concrete & Constr., Inc.*, 37 S.W.3d 517, 522–23 (Tex. App.—Austin 2001, pet. denied) ("From the time TNT Inc.'s answer was filed until the district court granted TNT Inc.'s motion, TNT Inc. successfully resisted TemPay's continuous attempts to obtain the deposition of a corporate representative of TNT Inc."). In sum, these considerations strongly favor the district court's determination that Akhter had an adequate time for discovery. *See Restaurant Teams Int'l*, 95 S.W.3d at 341; *see also Rocha v. Faltys*, 69 S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.) ("A party who fails to diligently use the rules of discovery is not entitled to a continuance." (citing *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988))).

As to the remaining factors, this was a relatively straightforward personal injury case that would not seem to require unusually extensive or complex discovery. *See Restaurant Teams*

*Int'l*, 95 S.W.3d at 339. Furthermore, the discovery deadlines were straightforward—as previously explained, Akhter specifically invoked the level 2 discovery control plan, and "[t]he language of rule 190.3 is unambiguous regarding the length of the discovery period." *Id*. at 341.

We conclude that the district court did not abuse its discretion in determining that Akhter had an adequate time for discovery before appellees sought and obtained summary judgment against her. *See id.* at 342. We overrule Akhter's third issue.

**Opportunity to cure**

In her fifth issue, Akhter asserts that the district court erred in sustaining objections to her summary-judgment evidence without affording her an opportunity to cure. We review the district court's ruling on the admissibility of summary-judgment evidence under an abuse-of-discretion standard. *See Fairfield Fin. Grp., Inc. v. Synnott*, 300 S.W.3d 316, 319 (Tex. App.—Austin 2009, no pet.).

Akhter complains in part that the district court abused its discretion in refusing her the opportunity to cure defects in the admissibility of the incident reports. However, as previously explained, appellees did not pursue a ruling on their objections to the incident reports and, therefore, waived them. *See* Tex. R. App. P. 33.1(a); *Gold's Gym Franchising LLC v. Brewer*, 400 S.W.3d 156, 163 (Tex. App.—Dallas 2013, no pet.). Consequently, the incident reports were in evidence.

Akhter also seems to complain that the district court abused its discretion in refusing her the opportunity to cure defects in her own affidavit. We cannot conclude that it did. While Akhter would have been entitled to the opportunity to cure "[d]efects in the *form* of [her] affidavit[]," Tex. R. Civ. P. 166a(f) (emphasis added), appellees' objections instead went to the affidavit's

9

substance, specifically the competence of her testimony. She was not entitled to the opportunity to cure these defects. *See CA Partners v. Spears*, 274 S.W.3d 51, 63 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *see also Brown v. Brown*, 145 S.W.3d 745, 753 (Tex. App.—Dallas 2004, pet. denied) (holding trial court need not allow supplementation to cure substantive defect). Nor has Akhter suggested how she would have cured the substantive defects in her affidavit, asserting only that she had offered her opinions not as "expert" testimony but as "present-sense impressions." To the extent Akhter is intending to challenge the district court's ruling sustaining appellees' objections to her affidavit, we conclude that the district court did not abuse its discretion in its ruling. *See Brown*, 145 S.W.3d at 752–53 (holding affidavit that lacked underlying factual basis was not competent summary-judgment evidence); *see also Ayeni v. State*, No. 03-11-00604-CV, 2013 WL 692460, at *4 (Tex. App.—Austin Feb. 20, 2013, no pet.) (mem. op.) ("To be competent summary-judgment evidence, an affidavit must contain specific factual bases, admissible in evidence, upon which its conclusions are based." (citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); Tex. R. Civ. P. 166a(f))). We overrule Akhter's fifth issue.

**Ultimate entitlement to summary judgment**

In her first and fourth issues, Akhter asserts that the district court erred in granting summary judgment because the incident reports alone are sufficient to raise fact issues as to each of the elements of her claims that appellees challenged. We review the district court's summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). A motion for summary judgment must be granted if, after the required adequate time for discovery, the moving party asserts that there is no evidence of one or more specified elements of a claim or

defense on which the adverse party would have the burden of proof at trial and the respondent produces no summary-judgment evidence raising a genuine issue of material fact on those elements. *See* Tex. R. Civ. P. 166a(i); *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam). To defeat the summary-judgment motion, the nonmovant must present more than a scintilla of probative evidence. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). More than a scintilla of evidence exists if it would allow reasonable and fair-minded people to differ in their conclusions. *Id*. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Id*. We review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, as here, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005).

Even when viewed in the light most favorable to Akhter, the incident reports fall far short of raising genuine issues of fact as to the elements that appellees challenged. Although the reports reflect that Akhter was injured at the Schlitterbahn Galveston Island Waterpark after she went down an inner tube slide backwards, they amount to no more than a scintilla of evidence—if any evidence—that this event was attributable to any acts or omissions by water park personnel. Even more critically, the reports are devoid of evidence that allowing a park patron to ride down the inner tube slide backward would amount to the breach of any applicable duty of care. Rather, the incident reports are simply silent regarding any applicable standard of care or any conduct that would have

11

violated it, nor do they address any duties or breaches of duties relating to employee hiring, supervision, or management. Similarly lacking is evidence that would support a reasonable inference that any negligence on the part of appellees proximately caused Akhter's injuries. Mere proof that Akhter was injured at a Schlitterbahn water park is not proof of proximate cause. *See Southwest Key Program, Inc. v. Gil-Perez*, 81 S.W.3d 269, 274 (Tex. 2002); *see also Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 551–52 (Tex. 2005) (holding that summary judgment was proper when there was no evidence that any of premises owner's "acts or omissions were a substantial factor in causing" plaintiff's injuries). Finally, there is nothing in the incident reports to support a reasonable inference that any acts or omissions of park personnel would be attributable to SBRM as opposed to GWMI. We overrule Akhter's first and fourth issues.

## CONCLUSION

We affirm the district court's judgment.

_____
Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed: August 22, 2013

12