Adolph Rice v. Russell Stanley
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-261-CV

     ADOLPH RICE,
                                                                         Appellant
     v.

     RUSSELL-STANLEY, L.P.,
                                                                         Appellee
 

From the 133rd District Court
Harris County, Texas
Trial Court # 00-48391
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Adolph Rice was removed from his position as traffic coordinator for Russell-Stanley L.P.
Rice alleges the removal was because of his age and, thus, violated state law. He filed suit in
state court approximately six months after his removal. Russell-Stanley filed a no-evidence
motion for summary judgment asserting that because Rice had no evidence he had received a
TCHR right-to-sue letter, he had failed to exhaust his administrative remedies. The trial court
granted the motion for summary judgment. Rice appeals.
      Rice presented no evidence that he had received a right-to-sue letter from TCHR. Because
receipt of a right-to-sue letter is merely notice of the exhaustion of remedies and does not
constitute part of actually exhausting administrative remedies, the trial court erred in granting
summary judgment on this basis.
Background
      Rice was terminated from his employment with Russell-Stanley and replaced by a younger
employee. He signed a discrimination complaint addressing it to both the Texas Commission
on Human Rights and the Equal Employment Opportunity Commission. At the bottom of the
complaint, Rice checked a box by the statement: “I want this charge filed with both the EEOC
and the State or local Agency, if any.”
      Approximately two months later, the EEOC sent Rice notice of his right to sue. This
notice specified that Rice had the right to pursue legal action “under the ADEA [Age
Discrimination in Employment Act] upon the expiration of 60 days from the filing of your
charge [with the EEOC] or within 90 days of receipt of this notice.” Rice filed suit in state
court within 90 days of receiving the EEOC’s right-to-sue letter, and 144 days after signing his
discrimination complaint, alleging violations of the Texas Labor Code. See Tex Lab. Code
Ann. § 21.051 (Vernon 1996).
      Russell-Stanley filed a no-evidence motion for summary judgment. Tex. R. Civ. P.
166a(i). Russell-Stanley argued that summary judgment is proper because there is no evidence
that Rice exhausted his state administrative remedies before filing suit; specifically, that Rice
had not received a right-to-sue letter from the TCHR. In his response, Rice argued that the
lack of a right-to-sue letter from the TCHR has no effect on a plaintiff’s right to file a lawsuit
under the Texas Labor Code. And, in its reply, Russell-Stanley contended that because Rice
did not a) receive a right-to-sue letter from the TCHR, or b) wait 180 days to file suit from the
time he filed his complaint with the TCHR


, he did not exhaust his state administrative
remedies; and therefore, summary judgment should be granted. The trial court granted
Russell-Stanley’s no-evidence motion for summary judgment and ordered Rice take nothing. 
Rice brings two issues on appeal:
1) Whether, in prosecuting a state law-based claim of age discrimination under Texas
Labor Code section 21.051, a Plaintiff must first secure a right to sue letter from the
Texas Commission on Human Rights in order to demonstrate exhaustion of remedies;
and,
 
2) Whether a Plaintiff in a state law-based age discrimination lawsuit sufficiently
shows exhaustion of remedies to bring a claim where he files a charge of
discrimination with the Federal Equal Employment Opportunity Commission that is
also directed to be forwarded to the Texas Commission on Human Rights.

Accordingly, we consider only Rice’s state law based discrimination claims against Russell-Stanley in this appeal.
No-Evidence Motion for Summary Judgment
      We apply the same standard in reviewing a no-evidence summary judgment as we would
in reviewing a directed verdict. Dodd v. City of Beverly Hills, 78 S.W.3d 509, 512 (Tex.
App.—Waco 2002, pet. denied). We review the summary-judgment evidence in the light most
favorable to the non-movant, disregarding all contrary evidence and inferences. Id. A no-
evidence summary judgment will be defeated if the non-movant produces some evidence on the
elements challenged by the movant. See Springer v. Am. Zurich Ins. Co., 115 S.W.3d 582,
584 (Tex. App.—Waco 2003, pet. denied); Moore v. K-Mart Corp., 981 S.W.2d 266, 269
(Tex. App.—San Antonio 1998, pet. denied).Right to Sue
      Under a “Worksharing Agreement,” the EEOC and the TCHR designated each other as
agent for the purpose of receiving complaints. Vielma v. Eureka Co., 218 F.3d 458, 462 (5th
Cir. 2000). When a complainant files an initial charge with the EEOC, the charge will also be
considered filed with the TCHR. Id. at 462-463.
      Chapter 21 of the Labor Code, also known as the Commission on Human Rights Act,
deals with employment discrimination. Tex. Lab. Code Ann. §§ 21.001-.306 (Vernon 1996
& Supp. 2003). The Texas Supreme Court has held that exhausting the administrative
remedies outlined in the Act is a mandatory prerequisite to filing a civil action alleging a
violation of the Act. Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 485 (Tex. 1991).
In order to comply with this exhaustion requirement, an employee must: 1) file a complaint
with the TCHR within 180 days of the alleged discriminatory act; 2) allow the TCHR to
dismiss the complaint or resolve the complaint within 180 days before filing suit; and 3) file
suit no later than two years after the complaint is filed. See Tex. Lab. Code Ann. §§ 21.201-.202, .208, .256 (Vernon 1996). The TCHR shall inform the complainant of the dismissal or
failure to resolve the complaint in writing by certified mail. Tex. Lab. Code Ann. § 21.208
(Vernon 1996).
      But, mere possession of a right-to-sue letter is not mandatory before filing suit. See Tex.
Lab. Code Ann. § 21.252 (Vernon 1996). As the Fourteenth Court so aptly stated:
A complainant (who has received notice of dismissal or failure to resolve) is entitled
to request the letter. The executive director may--but does not have to--issue it. And,
the failure to issue the letter does not impact the complainant's right to sue. 

***
 
We conclude that it is the entitlement to the right-to-sue letter that exhausts the
complainant's administrative remedies. The statute certainly supports an
interpretation that the right-to-sue letter is notice of exhaustion, not actually part of
exhaustion.
   
City of Houston v. Fletcher, 63 S.W.3d 920, 923 (Tex. App.—Houston [14th Dist.] 2002, no
pet.). We agree that the right-to-sue letter is not part of the exhaustion requirement, only
notice of exhaustion.
      Russell-Stanley asserted only one basis for its summary judgment motion: that Rice had no
evidence of a right-to-sue letter. Russell-Stanley did not contest whether Rice had actually
received a notice of dismissal or failure to resolve from the TCHR. The TCHR is required to
send such notice. If Rice received a notice of dismissal or failure to resolve, then he was
entitled to request, in writing, a right-to-sue letter. Rice was not required to request it. Thus,
because the right-to-sue letter is not part of the exhaustion of administrative remedies
requirement, Rice was not required to present evidence that he received a right-to-sue letter
from the TCHR. Rice’s first issue is sustained.
      Because we sustain Rice’s first issue, we need not address his second issue.
 

Conclusion
      Therefore, we hold that the trial court erred in granting Russell-Stanley’s no-evidence
summary judgment motion. The trial court’s judgment is reversed and remanded for further
proceedings consistent with this opinion.
 
                                                                   TOM GRAY
                                                                   Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



Reversed and remanded
Opinion delivered and filed January 28, 2004
[CV06]