Donald and Tammy ROVENTINI, Individually and as Next Friends of Michael Roventini, Appellants.

v.

OCULAR SCIENCES, INC., and See–N–Focus Optical, Inc., Appellees.

No. 01–02–00780–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 26, 2003.

---

56. *C.H.*, 89 S.W.3d at 25–26.

Matthew W. Johnson, Houston, for Appellant.

William Book, Tekell, Book, Matthews & Limmer, L.L.P.; Charles B. Holm, Holm, Bambace, & McCabe, L.L.P., Houston, for Appellee.

Panel consists of Justices HEDGES, JENNINGS, and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellants, Donald Roventini and Tammy Roventini, individually and as next friends of Michael Roventini (collectively, the Roventinis) bring this restricted appeal under rule 30 of the Rules of Appellate Procedure to challenge a no-evidence summary judgment rendered in favor of appellees, Ocular Sciences, Inc., and See–in–Focus Optical, Inc. *See* TEX.R.APP. P. 30, 26.1(c) (restricted appeal and notice requirements for restricted appeal); TEX.R. CIV. P. 166a(i) (no-evidence summary judgment). The Roventinis contend that error on the face of the record mandates reversal. We affirm.

## Background Facts and Procedural History

The Roventinis' pleadings allege that contact lenses purchased for Michael were defective and damaged his vision. They sued appellees, See–N–Focus, as seller, and Ocular Sciences, Inc., as manufacturer, of the allegedly defective lenses, seeking damages for negligence, strict products liability, breach of warranty, and violations of the Deceptive Trade Practices–Consumer Protection Act (DTPA).[1]

After initial discovery, the seller and manufacturer filed motions for summary judgment. The face of the record reflects service of both motions and accompanying notices of oral hearing on the Roventinis' trial counsel. The Roventinis did not respond to the motions for summary judgment, as the trial court noted in its judgment, and did not participate in the summary-judgment hearing. The Roventinis filed no postjudgment motions to challenge the final, take-nothing summary judgment rendered by the trial court on March 1, 2002, and did not otherwise challenge the summary judgment except by filing a notice of a restricted appeal on July 24, 2002.

## Standards of Review

We apply two standards of review of this appeal: those that govern no-evidence summary judgments and those that govern restricted appeals.

### A. Restricted Appeal

■ A restricted appeal is a direct attack on a judgment. *Hercules Concrete Pumping Serv., Inc. v. Bencon Mgmt. & Gen. Contracting Corp.*, 62 S.W.3d 308, 309 (Tex.App.-Houston [1st Dist.] 2001, no pet.). The elements necessary to succeed on a restricted appeal are as follows: (1) the notice of restricted appeal must be filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who neither participated in the hearing that resulted in the judgment nor filed a timely postjudgment motion or request for findings of fact and conclusions of law; and (4) the face of the record must disclose the claimed error. *Norman Communications v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997); *Barker CATV Constr. v. Ampro, Inc.*, 989 S.W.2d 789, 791 (Tex. App.-Houston [1st Dist.] 1999, no pet.). It is undisputed that the Roventinis complied with the first three elements.

■ Although review by restricted appeal affords review of the entire case and thus permits the same scope of review as an ordinary appeal, the face of the record must reveal the claimed error. *See Norman Communications, Inc.*, 955 S.W.2d at 270 (decided under predecessor writ-of-error practice); *Barker CATV Constr.*, 989 S.W.2d at 791. The face of the record in a restricted appeal consists

1.   TEX. BUS. & COMM.CODE ANN. § 17.41–.50 (Vernon 2002)

of the papers on file with the court when it rendered judgment. *General Elec. Co. v. Falcon Ridge Apartments Joint Venture,* 811 S.W.2d 942, 944 (Tex.1991) (decided under writ-of-error practice); *Barker CATV Constr.,* 989 S.W.2d at 794 (on motion for rehearing). Accordingly, we may not consider, as part of the record, evidence or documents that were not before the trial court when it rendered judgment. *See General Elec. Co.,* 811 S.W.2d at 944; *Barker CATV Constr.,* 989 S.W.2d at 794–95.

### B. "No–Evidence" Summary Judgment

▆▆▆ After adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex.R. Civ. P. 166a(i); *Brewer & Pritchard, P.C. v. Johnson,* 7 S.W.3d 862, 866 (Tex.App.-Houston [1st Dist.] 1999, no pet.). The motion must specify which essential elements of the opponent's claim or defense lack supporting evidence. *See Brewer & Pritchard, P.C.,* 7 S.W.3d at 866–67. Once the party seeking the no-evidence summary judgment files a proper motion, the respondent must bring forth evidence that raises a fact issue on the challenged elements. *See Jackson v. Fiesta Mart, Inc.,* 979 S.W.2d 68, 71 (Tex.App.-Austin 1998, no pet.). The party with the burden of proof at trial thus has the burden of proof in the summary-judgment proceeding. *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.,* 994 S.W.2d 830, 834 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

The respondent need not "marshal its proof" as for trial and need only "point out" evidence that raises a fact issue on the challenged elements. See Tex.R. Civ. P. 166a(i) cmt to 1997 change; *Howell v.* *Hilton Hotels Corp.,* 84 S.W.3d 708, 715 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *see also Robinson v. Warner–Lambert,* 998 S.W.2d 407, 410 (Tex.App.-Waco 1999, no pet.) ("A no-evidence motion for summary judgment places the burden on the nonmovant to present enough evidence to be entitled to a trial."); Hon. David Hittner & Lynne Liberato, *Summary Judgments in Texas,* 34 Hous. L.Rev. 1303, 1356 (1998) ("[T]he mere filing of the motion shifts the burden to the respondent to come forward with enough evidence to take the case to a jury."). If the respondent does not produce more than a scintilla of evidence to raise a genuine issue of material fact on the challenged element or elements, the trial court "must" grant the motion. Tex.R. Civ. P. 166a(i) and cmt. to 1997 change; *see Brewer & Pritchard, P.C.,* 7 S.W.3d at 867; *Flameout Design & Fabrication, Inc.,* 994 S.W.2d at 834.

▆▆▆ Under rule 166a(i), therefore, as opposed to rule 166a(c), which governs traditional summary judgments, the trial court may render a summary judgment by default for lack of a response by the respondent, provided the movant's motion warranted rendition of a final summary judgment based on lack of evidence to support the respondent's claim or defense. *See Jackson,* 979 S.W.2d at 71 (contrasting summary judgment practice under rule 166a(c) and rule 166a(i) in rejecting contention that trial court may not grant summary judgment based solely on lack of response); *see also* Timothy Patton, Summary Judgments in Texas, Practice, Procedure and Review, § 5.06[5][a][I] (2d ed. Supp.2001) ("Patton") (noting that rule 166a(i)'s mandate, to render summary judgment if respondent does not respond to no-evidence motion that (1) identifies elements lacking evidence and (2) "is neither conclusory nor a general no-evidence challenge," represents "marked departure"

from former, "long standing" summary judgment practice that forbade rendering summary judgment based on the opposing party's default) (citing and excerpting from *Jackson,* 979 S.W.2d at 71).

■ When, as in this case, therefore, the respondent does not file a response, the first controlling issue is whether the movant's motion was sufficient to warrant the no-evidence summary judgment and thus shifted the burden to the respondent to produce evidence that raised a genuine issue of material fact. *See Jackson,* 979 S.W.2d at 71; PATTON, § 5.06[5][a][i]. Because this is a restricted appeal, the second controlling issue is whether the movants' motions for no-evidence summary judgment reveal error on the face of the record, as the Roventinis contend. *See Norman Communications,* 955 S.W.2d at 270.

**The Face of the No–Evidence Summary Judgment Record**

■ Over a year after the Roventinis filed their petition and two months before this case was set for trial, the manufacturer and seller filed identical motions for no-evidence summary judgment.[2] The motions tracked the Roventinis' pleadings and identified their theories of liability as follows: strict products liability, negligence, breach of the implied warranty of merchantability, and violations of the DTPA based on breach of the implied warranty of merchantability.

With respect to the strict products-liability claim, the manufacturer's and seller's motions for no-evidence summary judgment asserted that there was no evidence of the following two elements: (1) that the contact lens was sold in a defective condi-

tion that was unreasonably dangerous to the Roventinis or (2) that the lens was expected to and did reach the Roventinis without substantial change in the condition in which it was sold. *See Firestone Steel Prods. Co. v. Barajas,* 927 S.W.2d 608, 613 (Tex.1996) (citing RESTATEMENT (SECOND) OF TORTS § 402A (1965)); *Smith v. Aqua–Flo, Inc.,* 23 S.W.3d 473, 476 (Tex.App.-Houston [1st Dist.] 2000, pet. denied) (stating elements of products-liability claim).

For the Roventinis' negligence claim, the manufacturer and seller contended in their motions that there was no evidence (1) that they breached a legal duty owed to the Roventinis or (2) that the breach of that duty proximately caused the injuries for which the Roventinis sought personal injury damages. *See Firestone Steel Prods. Co.,* 927 S.W.2d at 609; *McNeil v. Nabors Drilling USA, Inc.,* 36 S.W.3d 248, 250 (Tex.App.-Houston [1st Dist.] 2001, no pet.) (stating elements of negligence claim).

For the Roventinis' claim that the manufacturer and seller breached implied warranties of merchantability, the no-evidence motions attacked each element required to prevail, as follows: (1) that the contact lens was defective as unfit for its purpose because of a lack of what was required for adequacy; (2) that the alleged defect existed when the contact lens left the manufacturer's and the seller's possession; and (3) that the alleged defect proximately caused the injuries for which the Roventinis sought damages. *See Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 444 (Tex. 1989); *Harris Packaging Corp. v. Baker Concrete Constr. Co.,* 982 S.W.2d 62, 66 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (stating elements of claim of

---

**2.** The Roventinis have never disputed that adequate time for discovery had passed. See TEX.R. CIV. P. 166a(i).

breach of implied warranty of merchantability).

With respect to recovery under the DTPA, the manufacturer's and seller's motions again challenged whether they (1) breached an implied warranty of merchantability, as the Roventinis alleged, and (2) whether their alleged breach was a producing cause of damage to the Roventinis. *See* TEX. BUS. & COM.CODE ANN. § 17.50(a)(2) (Vernon 2002) (stating elements of DTPA recovery).

The record thus reflects that, in moving for no-evidence summary judgment, the manufacturer and seller specified one, more, or all essential elements of each of the claims and theories of liability the Roventinis alleged in their petition and on which they would have the burden of proof at trial. Accordingly, the motions complied with rule 166(i) and were sufficient to warrant a no-evidence summary judgment on each of those claims. *See Brewer & Pritchard, P.C.,* 7 S.W.3d at 866. Because the motions were sufficient to warrant a no-evidence summary judgment, the burden shifted to the Roventinis to respond to the motions by producing more than a scintilla of evidence on each of the challenged elements. *Id.; see also Flameout Design & Fabrication, Inc.,* 994 S.W.2d at 834.

On the face of the record, therefore, the motions were sufficient to warrant a no-evidence summary judgment, but the Roventinis filed no response to the motions, despite service and notice of hearing concerning the motions. Based on this record, the express provisions of rule 166a(i) required that the trial court grant the no-evidence motions and render judgment in favor of the manufacturer and seller. *See* TEX.R. CIV. P. 166A(I); *Brewer & Pritchard, P.C.,* 7 S.W.3d at 867; *Flameout Design & Fabrication, Inc.,* 994 S.W.2d at 834; *Jackson,* 979 S.W.2d at 71.

The Roventinis' challenge to the trial court's ruling is two-pronged. They first contend that the manufacturer and seller "practically admit," in their no-evidence motions for summary judgment and thus on the face of the record, that evidence exists on each of the elements challenged by the motions. We disagree. The motions consistently refer to the Roventinis' pleadings as allegations only and do not concede that the allegations are true.

The Roventinis' second challenge to the face of the record asserts that the manufacturer's and seller's motions "were misleading as to the state of the evidence." To substantiate this contention, the Roventinis have attached to their brief copies of excerpts from documents that were apparently produced in discovery. But the Roventinis did not present any of these documents to the trial court in opposing the no-evidence motions and none was before the trial court when it granted the motions. Because these documents were not before the trial court when it rendered the ruling the Roventinis challenge in this restricted appeal, we may not consider them in reviewing the trial court's ruling. *See General Elec. Co.,* 811 S.W.2d at 944; *Barker CATV Constr.,* 989 S.W.2d at 794–95.

We hold that the trial court did not err by rendering summary judgment in favor of the manufacturer and seller and that there is no error on the face of the record to warrant reversal in this restricted appeal. We overrule the Roventinis' sole issue presented.

## Motions To Supplement Record and Strike Supplemental Record

The manufacturer and seller, jointly, as well as the Roventinis, requested that the clerk of the trial court prepare supplemental clerk's records for filing with this Court. In a letter to the Harris County

District Clerk, the manufacturer and seller jointly requested that the clerk's record be supplemented with a certified mail receipt, a court's postcard and confirmation sheet, and portions of three depositions. Also in a letter to the Harris County District Clerk, the Roventinis requested that the clerk's record be supplemented with a "Med Watch" report, a letter from R. Edwin Pitts, M.D., portions of three depositions, answers and objections to admissions, and answers to interrogatories. The manufacturer and seller, jointly, and the Roventinis filed motions in this Court seeking leave to supplement the clerk's record with the supplemental clerk's records each requested. The manufacturer and seller also filed a joint motion to strike the supplemental clerk's record requested by the Roventinis.

The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. TEX.R.APP. P. 34.1. Subject to the requirements of rule 34.2, parties may agree on the contents of the appellate record. TEX.R.APP. P. 34.2. Unless designated by agreement under rule 34.2, the clerk's record must contain the documents listed in rule 34.5(a)(1) through (11) and, subject to rule 34.5(b), "any filing" that a party designates to be included in the clerk's record. *See* TEX.R.APP. P. 34.5(a)(1)-(11), (12); 34.5(b).

## A. A Party May Direct the Clerk to Supplement the Appellate Record

■ Rule 34.5(c) allows a clerk's record to be supplemented with items omitted from the clerk's record and states as follows:

(1) If a *relevant item* has been omitted from the clerk's record, the trial court, the appellate court, or *any party* may by letter *direct* the trial court clerk to prepare, certify and file in the appellate

court a supplement containing the omitted item.

. . . .

(3) Any supplemental clerk's record will be part of the appellate record.

TEX.R.APP. P. 34.5(c)(1), (3) (emphasis added).

The plain language of Rule 34.5(c) allows not only courts, but parties, to direct the clerk of the trial court to supplement the clerk's record filed in a court of appeals with items omitted from that record that the parties deem relevant. TEX.R.APP. P. 34.5(c)(1). Nothing in the rule requires that parties seek permission from any court before directing the clerk to prepare the supplemental clerk's record and file it with the court of appeals. Nothing in the rule requires that the parties obtain a ruling from any court before the supplemental clerk's record will be included in the appellate record. Thus, the rule neither requires a party to file a motion with this Court seeking permission to supplement the appellate record, nor contemplates an opposing motion to strike a supplemental clerk's record. Pursuant to the plain language of this rule, items included in a supplemental clerk's record become part of the appellate record when a party or a court directs the trial court clerk to prepare and file a supplemental clerk's record. TEX.R.APP. P. 34.5(c)(3).

We conclude that the parties properly relied on the plain language of rule 34.5(c)(1) both in requesting a supplemental clerk's record consisting of documents not included in the original clerk's record that the parties deemed relevant and in directing the district clerk to prepare a supplemental clerk's record consisting of those documents to be filed with this Court as part of the appellate record in this case. Under the plain language of rule 34.5(c)(3), the supplemental clerk's records filed with this Court became part of the appellate

record in this case. *See* TEX.R.APP. P. 34.5(c)(3). Accordingly, we deny, as moot, both the Roventinis' and the manufacturer's and seller's motions to supplement the clerk's record and the manufacturer's and seller's joint motion to strike the first supplemental clerk's record filed at the request of the Roventinis.

## B. A Court Determines What Parts of the Record Will Be Considered

■ The concurring opinion suggests that a court must determine what is relevant and, therefore, that a court must rule on whether items will be included in or stricken from the appellate record. However, rule 34.5(c)(1) clearly states that *a party* or a court may direct the clerk of the trial court to prepare a supplemental clerk's record to include an item or items and to file that record with the appellate court. The rule does not require a party to obtain either a ruling on relevancy or permission from a court before an appellate record may be supplemented. It is inconsistent with the authority granted parties by rule 34.5(c)(1) for this Court to strike a supplemental record filed with this Court under the authority of that rule. If we interpret rule 34.5(c) more narrowly, we run the risk of requiring this Court to make relevancy determinations at the record-filing stage, which we are ill equipped to do.

■ Despite, however, the permission that rule 34.5(c) grants parties to supplement the appellate record with items that they deem relevant and omitted, nothing in the rule compels the appellate court to consider those items in reaching its decision. *See* TEX.R.APP. P. 34.5(c). Likewise, Rule 34.5(c)(3)'s mandate, that any supplemental clerk's record "will" be part of the appellate record, does not compel that portions of any supplemental clerk's record will be relevant for our decision on the merits of a case. *See id.*

Here, as in *Barker CATV Construction,* none of the documents in either supplemental clerk's record was before the trial court when it considered the manufacturer's and seller's no-evidence motions for summary judgment. *See id.* at 795–96. Accordingly, we conclude, as in that case, that we may not consider the contents of either supplemental clerk's record filed in this restricted appeal. *See id.; see also General Elec. Co.,* 811 S.W.2d at 944 ("The rule has long been that evidence not before the trial court prior to final judgment may not be considered in a writ of error proceeding."); *Munoz v. Gulf Oil Co.,* 693 S.W.2d 372, 373 (Tex.1984) (declining to consider transcription of hearing as raising fact issues precluding summary judgment when record did not establish that trial court considered transcription); *Atchison v. Weingarten Realty Mgmt. Co.,* 916 S.W.2d 74, 76–77 (Tex.App.-Houston [1st Dist.] 1996, no writ) (declining to consider document purporting to be motion for summary judgment that was included in record on appeal solely as attachment to motion for new trial).

### Motions to Dismiss Appeal

The manufacturer and seller jointly filed a motion to dismiss the appeal. Because we have addressed the merits of the Roventinis' restricted appeal, we deny as moot, the manufacturer's and seller's joint motion to dismiss the appeal.

### Conclusion

We affirm the judgment of the trial court. We deny, as moot, all pending motions and all relief requested in responses to pending motions.

Justice ADELE HEDGES concurring.

ADELE HEDGES, Justice, concurring.

I concur. While I join in the majority in its reasoning and disposition of the Roven-

tinis' issues, I respectfully disagree with the majority's denial of the manufacturer's and seller's joint motion to strike the supplemental clerk's record filed at the Roventinis' request. Instead, I would overrule a recent precedent of this Court and strike the supplemental clerk's record.

I agree with the majority that consideration of the documents in the supplemental clerk's record is improper because they were not before the trial court. *Barker CATV Const. v. Ampro, Inc.*, 989 S.W.2d 789, 791 (Tex.App.-Houston [1st Dist.] 1999, no pet.). I disagree with *Barker*, however, to the extent that it endorses filing *any* supplemental record, even those containing materials not before the trial court. To quote from that opinion, "We conclude that we may not consider the document in support of Ampro's motion for rehearing. While we decline to consider the document, we nevertheless deny Barker Construction's motion to strike the supplemental clerk's record in its entirety. *See* Tex.R.App. P. 34.5(c)(3) ('Any supplemental clerk's record will be part of the appellate record.')." *Barker*, 989 S.W.2d at 791.

I believe that the better practice is to decline to file any material that was not before the trial court, even though it may be designated by the moving party as a "supplemental clerk's record." *Barker* admits that "rule 34.5(c) does not permit the record in a restricted appeal to be supplemented unless it is clear that the item to be considered was before the trial court when it rendered the default judgment." *Id.* at 795 (citing *Laidlaw Waste Systems, Inc. v. Wallace*, 944 S.W.2d 72, 73 (Tex. App.-Waco 1997, writ denied)). This result flows from the language of rule 34.5(c), which permits supplementation if "a *relevant* item has been omitted." Tex. R.App. P. 34.5(c) (emphasis added). Material that was not before the trial court is not relevant to the appeal.

*Barker* is inconsistent with rulings of some of our sister courts and appears to find no support in any of them. For example, in *Intermarque Automotive Products, Inc. v. Feldman*, 21 S.W.3d 544, 547 n. 3 (Tex.App.-Texarkana 2000, no pet.), the court held that while rule 34.5(c) authorizes supplementation of the appellate clerk's record, "it does not allow the creation of a new trial record." The Amarillo court has written, "Leave to supplement merely encompasses permission to augment the appellate record with the *existing* trial court record; it does not allow the creation of a *new* trial court record." *Disco Mach. of Liberal Co. v. Payton*, 900 S.W.2d 71, 74–75 (Tex.App.-Amarillo 1995, writ denied) (emphasis in original).

I cannot agree with *Barker's* hybridization of rule 34.5 by permitting supplementation and then refusing to consider the contents of the supplement. I believe that the proper procedure is to strike the improper items and maintain the integrity of the clerk's record on appeal. Accordingly, I would overrule the erroneous holding in *Barker* and strike the Roventinis' supplemental clerk's record.