Opinion issued December 23, 2004 
     














In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00742-CV




DARYL GILLESPIE, Appellant

V.

WELLS FARGO BANK MINNESOTA, N.A. AND NEW CENTURY
MORTGAGE CORPORATION, Appellees




On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 01-CV-121936 A




MEMORANDUM OPINION
            Appellant, Daryl Gillespie, sued appellees, Wells Fargo Bank Minnesota, N.A.
(Wells Fargo) and New Century Mortgage Corporation (New Century), alleging
various causes of action and generally contending that appellees had wrongfully
foreclosed on his property.


 Appellees moved for summary judgment, and the trial
court rendered judgment for appellees. In two issues, Gillespie contends that the trial
court erred by (1) denying his second request for a continuance and (2) granting the
summary judgment in favor of appellees. We affirm the judgment of the trial court.BACKGROUND
          New Century provided Gillespie with a home equity loan in August 1999. New
Century later assigned the loan to Wells Fargo, as trustee. After Gillespie stopped
making payments on the loan, Wells Fargo filed a foreclosure action. Gillespie filed
suit, pro se, on December 6, 2001, contending that appellees had wrongfully
foreclosed on his property.


 Appellees filed a motion for summary judgment on
August 30, 2002 and later filed two supplements to their motion for summary
judgment. Gillespie filed a first motion for continuance to request a 60-day
continuance to retain “trained counsel,” which the trial court granted by resetting the
case until November 27, 2002. On November 27, 2002, Gillespie filed a notice of
bankruptcy, which stayed the cause of action until February 18, 2003, when the
bankruptcy court lifted the stay and allowed the suit to proceed. On April 1, 2003,
Gillespie filed a second motion for continuance, again claiming that he needed an
additional 60 days to retain “trained counsel” and that he was unable to hire counsel
because of financial difficulties. The trial court denied Gillespie’s second motion for
continuance. On April 4, 2003, the trial court conducted the summary judgment
hearing and rendered summary judgment for appellees. 
Motion for Continuance
          In his first issue, Gillespie claims that the trial court erred by denying his
second motion for continuance. Rule of Civil Procedure 251 provides that a
continuance shall not be granted “except for sufficient cause supported by affidavit,
or by consent of the parties, or by operation of law.” Tex. R. Civ. P. 251. Granting
or denying a motion for continuance is within the sound discretion of the trial court. 
See Blake v. Lewis, 886 S.W.2d 404, 409 (Tex. App.—Houston [1st Dist.] 1994, no
writ). If a motion for continuance is not verified or supported by affidavit, the
appellate court will presume that the trial court did not abuse its discretion in denying
the motion. Southwest Country Enters., Inc. v. Lucky Lady Oil Co., 991 S.W.2d 490,
493 (Tex. App.—Fort Worth 1999, pet. denied).
          An affidavit is defined as “a statement in writing of a fact or facts signed by the
party making it, sworn to before an officer authorized to administer oaths, and
officially certified to by the officer under his seal of office.” Tex. Gov’t Code Ann.
§ 312.011 (Vernon 2004). If an instrument does not include a jurat,


 the statement
is not sworn, and the instrument is not an affidavit. Trimble v. Gulf Paint & Battery,
Inc., 728 S.W.2d 887, 889 (Tex. App.—Houston [1st Dist.] 1987, no writ); Sullivan
v. Bickel & Brewer, 943 S.W.2d 477, 486 (Tex. App.—Dallas 1995, writ denied)
(“Without the jurat, the instrument is not an affidavit within the statutory definition”). 
          Gillespie did not support his motion for continuance with an affidavit
containing a jurat. His motion for continuance has the signature of the person who
allegedly administered the oath or affirmation of Gillespie, but the signature is
illegible. The name of the person who allegedly administered the oath is not on the
affidavit, and no notary seal or official certification under any seal or office appears
on the document. The trial court did not abuse its discretion by denying Gillespie’s
motion because he failed to attach a properly certified affidavit to his motion for
continuance. See Lucky Lady Oil Co., 991 S.W.2d at 493. 
          Accordingly, we overrule Gillespie’s first issue.
Summary Judgment
          In his second issue, Gillespie contends that the trial court erred by granting 
appellees’ motion for summary judgment because there are genuine issues of material
fact as to his claims. 
          Appellees filed a motion for summary judgment and later filed two additional
supplements to their original motion for summary judgment, asserting both traditional
and no-evidence grounds as to all of Gillespie’s claims. See Tex. R. Civ. P. 166a (c),
(i). The trial court granted appellees’ motion for summary judgment, as well as both
supplements to their motion for summary judgment, without stating any grounds and
ordered that Gillespie take nothing. When, as here, the trial court’s summary
judgment order does not specify the ground or grounds on which summary judgment
was rendered, we will affirm the summary judgment if any of the grounds stated in
the motion is meritorious. See Mayes v. Goodyear Tire and Rubber Co., 144 S.W.3d
50, 55 (Tex. App.—Houston [1st Dist.] 2004, no pet. h.) (citing Ernst & Young,
L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001)).
          After adequate time for discovery,


 a party may move for summary judgment
on the ground that there is no evidence of one or more essential elements of a claim
or defense on which an adverse party would have the burden of proof at trial. Tex.
R. Civ. P. 166a(i); Roventini v. Ocular Sciences, Inc., 111 S.W.3d 719, 722 (Tex.
App.—Houston [1st Dist.] 2003, no pet.). The motion must specify which essential
elements of the opponent’s claim or defense lack supporting evidence. Id. Once the
party seeking the no-evidence summary judgment files a proper motion, the
respondent must bring forth evidence that raises a fact issue on the challenged
elements. Id. The party with the burden of proof at trial thus has the burden of proof
in the summary-judgment proceeding. Id. If the respondent does not produce more
than a scintilla of evidence to raise a genuine issue of material fact on the challenged
element or elements, the trial court must grant the motion. Id.
          Appellees’ no-evidence motion for summary judgment encompassed all of the
claims alleged by Gillespie and specifically listed each of the elements of each claim
as to which Gillespie had no evidence, as required by Tex. R. Civ. P. 166a (i). The
burden thus shifted to Gillespie to produce more than a scintilla of evidence to raise
a genuine issue of material fact. See id.; Roventini, 111 S.W.3d at 722. Gillespie’s
responsive motion, entitled “Non-Movant’s Response To Movant’s Motion For
Summary Judgment,” had only unauthenticated “exhibits” attached to it. 
Unauthenticated or unsworn documents, or documents not supported by any affidavit,
are not entitled to consideration as summary judgment evidence. Llopa, Inc. v. Nagel,
956 S.W.2d 82, 87 (Tex. App.—San Antonio 1997, pet. denied) (citing St. Paul Cos.
v. Chevron, U.S.A., Inc., 798 S.W.2d 4, 5 (Tex. App.—Houston [1st Dist.] 1990, writ
dism’d by agr.)).


 Because none of the documents attached to Gillespie’s response
to the motion for summary judgment was authenticated, Gillespie did not properly
present any evidence for consideration. See Blanche v. First Nationwide Mortgage
Corp., 74 S.W.3d 444, 451 (Tex. App.—Dallas 2002, no pet.) (noting that complete
absence of authentication is defect of substance that is not waived by party’s failing
to object and may be urged for first time on appeal). Furthermore, the comments
appearing in Gillespie’s response to the motion for summary judgment were not
competent summary judgment proof. See Feazell v. Mesa Airlines, Inc., 917 S.W.2d
895, 898 (Tex. App.—Fort Worth 1996, writ denied) (stating that one’s response to
motion for summary judgment is not summary judgment evidence; nor is petition
accompanying response). 
          The trial court did not err in granting the no-evidence summary judgment
motion because Gillespie failed to present any evidence that created a genuine issue
of material fact. See Roventini, 111 S.W.3d at 722 (holding that if respondent does
not produce more than a scintilla of evidence to raise genuine issue of material fact
on challenged element or elements, trial court must grant motion.).
          We overrule Gillespie’s second issue.
CONCLUSION
          We affirm the judgment of the trial court.
 
 
 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.