Opinion issued July 26, 2007











 



 




In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00743-CV






HELM COMPANIES, Appellant


V.


SHADY CREEK HOUSING PARTNERS, LTD., Appellee






On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 2001-62744-C






MEMORANDUM OPINION


 Appellant, Kingwood Equities, Inc., d/b/a Helm Companies ("Kingwood"), (1)
sued appellee, Shady Creek Housing Partners, Ltd. ("Shady Creek Partners"), for
"knowing participation in a breach of fiduciary duty," conversion, and theft. In two
issues, Kingwood contends that the trial court erred by granting a no-evidence
summary judgment in favor of Shady Creek Partners because (1) Kingwood presented
evidence to support its claim that Shady Creek Partners knowingly participated in a
breach of fiduciary duty and (2) Shady Creek Partners abused the discovery process.

 We reverse the trial court's summary judgment in favor of Shady Creek
Partners on Kingwood's claim of "knowing participation in a breach of fiduciary
duty" and remand the cause. We affirm the trial court's summary judgment in all
other respects.

Facts and Procedural History

 Since 1989, Kingwood has been in the business of developing real property. 
At the time of its incorporation, Kingwood's sole shareholders were Stephen Helm
and his sister, Denise Helm. Denise owned the majority position in Kingwood. 
Stephen owned the balance of Kingwood and served on its board of directors as
president. 


 In 1992, Kingwood began acquiring real property, developing apartment
complexes, and managing the properties it developed. To fund the projects,
Kingwood created partnerships in which it owned or acted as the corporate general
partner and sold limited partnership interests. Over time, Kingwood developed five
properties in Harris and Galveston counties under this financing structure. (2) 

 The sole property at issue in this appeal is Shady Creek Apartments, a project
in Baytown, Texas ("the Project"), which was funded by creating Shady Creek
General Corporation and Shady Creek Partners, a limited partnership. Shady Creek
Partners's general partner is Shady Creek General Corporation, of which Stephen is
the sole director. Shady Creek Partners purchased the Project in March of 1998, and
Kingwood was to be the developer and manager of the Project. Kingwood was to
receive a developer's fee, management fees, a percentage of loan proceeds, and an
ownership interest. 

 In May of 1999, Stephen, acting as president of Kingwood and as general
partner for Shady Creek Partners, executed an amended development agreement in
which he changed the developer of the Project from Kingwood to an entity called
Horizon Residential, Inc. ("Horizon"), of which Stephen was the sole owner and sole
director. Subsequently, Horizon received the $614,822 developer's fee on the Project
that Shady Creek Partners had originally contracted to pay to Kingwood. 

 In 2001, Denise conveyed her 51% interest in Kingwood to Funding Ventures,
L.L.C. ("Funding Ventures"), of which she became an owner with Rod Gorman. 
Gorman became the chairman of Kingwood's Board of Directors ("the Board") and
its Chief Operating Officer. Funding Ventures is the majority shareholder in
Kingwood. Subsequently, the Board began to suspect that Stephen had been
unlawfully diverting corporate assets and opportunities to himself. The Board
removed Stephen as president of Kingwood. (3) On December 10, 2001, Funding
Ventures, under the name of Helm, (4) sued Stephen, alleging that, as president of
Kingwood, he had breached his fiduciary duty and had engaged in constructive fraud,
usurpation of corporate opportunities, self-dealing, diversion of business
opportunities, and concealment. 

 On April 1, 2002, Kingwood filed a First Amended Original Petition, bringing
its claims against Stephen and against twelve additional defendants, (5) including Shady
Creek Partners. Kingwood asserted "a cause of action for misconduct" against the
twelve defendants, including Shady Creek Partners, alleging that "[t]hese entities,
acting through authorized representative Stephen . . . , have aided and knowingly
participated in [a] breach of fiduciary duty" and that "they are therefore liable as joint
tortfeasors." Specifically as to Shady Creek Partners, Kingwood sought the return of
the $614,822 developer's fee that had been paid to Horizon instead of to Kingwood
in accordance with the contract between Kingwood and Shady Creek Partners.

 On April 29, 2002, eight of the twelve defendants, including Shady Creek
Partners, (6) together moved for a "no-evidence" summary judgment (the "Original
Motion"), pursuant to Rule of Civil Procedure 166a(i). As to Kingwood's claims
pertaining to Shady Creek Partners, the defendants alleged that adequate time for
discovery had passed and (1) that Kingwood had failed to state a cause of action
because "a cause of action of misconduct . . . is not really a cause of action" and (2)
that "[n]o evidence exists which would establish that the Defendants [which included
Shady Creek Partners] acted or knowingly participated in any misconduct or aided
in the breach of a fiduciary duty." Attached to the motion on behalf of Shady Creek
Partners were a certificate of partnership, a copy of the deed, and Stephen's affidavit.

 Kingwood filed a response to the motion for summary judgment in which it
contended that the eight defendants, including Shady Creek Partners, had improperly
asserted that Kingwood's cause of action "is not really a cause of action." Kingwood
contended that its cause of action, that of knowing participation in a breach of
fiduciary duty, was, in fact, a cause of action, citing Kinzbach Tool Co. v.
Corbett-Wallace Corp., 160 S.W.2d 509 (Tex. 1942). In addition, Kingwood
contended that Stephen's affidavit was defective because it was conclusory and that
fact issues existed with regard to the ownership structure of Shady Creek Partners.

 Kingwood attached as evidence pertaining to Shady Creek Partners the
affidavit of Gorman. Gorman attested that, in July 1997, Stephen, while acting as
president of Kingwood, entered into a contract to purchase land on behalf of "Shady
Creek Housing Partners, Ltd. (a limited partnership to be created)" and entered into
a limited partnership agreement as president of "Shady Creek General Corp. ([t]o be
formed Texas Corporation)," which was to be the corporate general partner of Shady
Creek Housing Partners, Ltd. On July 16, 1997, Stephen applied to the Texas
Department of Housing and Community Affairs ("the Department") for low income
housing tax credits for the Project and authorized the application under oath as
"President, [Kingwood], 100% owner Shady Creek General Corp., G.P." Kingwood
then sent its commitment check for $15,885 to complete its application. In 1998,
however, Stephen caused the Texas Secretary of State to charter Shady Creek General
Corp. for himself, rather than for Kingwood. Subsequently, Stephen executed a
contract for Kingwood to be the developer of Shady Creek Apartments and to receive
a $614,822 developer's fee. In 1999, Stephen executed, on behalf of Kingwood,
Shady Creek, and Horizon, an "Amended and Restated Development Agreement,"
whereby Horizon became the developer of Shady Creek Apartments and became
entitled to the $614,822 developer's fee. Gorman attested that the Kingwood Board
had not authorized and had not received any consideration for a transfer of ownership
of Shady Creek General Corp. or Shady Creek Housing Partners, Ltd.

 As evidentiary support, Kingwood appended the sales contract for the Project;
the partnership agreement; the application to the Department; the commitment check
written by Kingwood; the articles of incorporation for Shady Creek General Corp.;
the development agreement between Kingwood and Shady Creek Partners providing
for the $614,822 developer's fee; and the Amended and Restated Development
Agreement naming Horizon as the developer and the recipient of the fee. 


 Throughout the period of 2001 to 2003, Kingwood alleged that Stephen and
the twelve defendants, including Shady Creek Partners, were improperly refusing to
comply with discovery requests. In July 2002, the trial court appointed the Honorable
Kathleen Stone as discovery master, excepting consideration of the motion for
summary judgment. 

 On November 4, 2002, Kingwood filed a "Second Amended Supplemental
Petition" in which it stated claims against Stephen and the other twelve defendants,
including Shady Creek Partners, for conversion and theft. 

 Subsequently, Shady Creek Partners acquired its own counsel and brought
several counterclaims against Kingwood, including tortious interference, fraud,
defamation, business disparagement, and conspiracy. In May of 2003, Shady Creek
Partners filed a "Supplemental No Evidence Motion for Summary Judgment" (the
"Supplemental Motion"), contending, as discussed in more detail below, that there
was no evidence to support any of the elements of any of Kingwood's claims against
Shady Creek Partners. At a hearing involving issues presented in both the Original
Motion and the Supplemental Motion, Kingwood conceded that it had not filed a
separate written response to the Supplemental Motion. 

 On July 15, 2003, the trial court, upon the recommendation of the master,
granted summary judgment in favor of Shady Creek, ordered that Kingwood take
nothing against Shady Creek, and dismissed Shady Creek with prejudice. On August
21, 2003, after a hearing, the trial court ordered that all pending claims of Kingwood
against Shady Creek and a co-defendant, and all pending claims of Shady Creek
against Kingwood be "severed into Cause No. 2001-62744A"(the "A cause").

 On August 12, 2004, Shady Creek Partners moved to sever Kingwood's claims
against it from the "A cause" so that Shady Creek Partners could pursue a final
judgment based on the summary judgment granted in its favor. In addition, Shady
Creek Partners non-suited its counterclaims against Kingwood. Kingwood opposed
the severance on the grounds that the trial had erred in granting the summary
judgment. Kingwood contended that it was fundamentally unfair for Shady Creek
Partners to have refused Kingwood's discovery requests and then to have moved for
a no-evidence summary judgment. Kingwood sought to set aside the summary
judgment by filing a motion for new trial, which the trial court denied. 

 On June 13, 2005, the trial court severed Shady Creek Partners's "take nothing
summary judgment, which dispose[d] of all claims against [Shady Creek Partners]"
from the "A cause," into 2001-62744-C, "for the purpose of converting that judgment 

into a final judgment." This appeal ensued.

No-evidence Summary Judgment

 In two issues, Kingwood contends that the trial court erred by granting a no-evidence summary judgment in favor of Shady Creek Partners because (1) Kingwood
presented evidence to support its claim that Shady Creek Partners knowingly
participated in a breach of fiduciary duty and (2) Shady Creek Partners abused the
discovery process.

A. Standard of Review and Applicable Legal Principles

 After an adequate time for discovery, the party without the burden of proof may
move for summary judgment, with or without presenting evidence, on the basis that
there is no evidence to support an essential element of the non-moving party's claim. 
Tex. R. Civ. P. 166a(i); Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207
(Tex. 2002). First, the movant must specifically state the elements as to which there
is no evidence. Tex. R. Civ. P. 166a(i). Only then, the burden shifts to the non-movant to produce evidence that raises a fact issue on the challenged elements. See
Johnson, 73 S.W.3d at 207. If the non-movant brings forward more than a scintilla
of probative evidence to raise a genuine issue of material fact, then summary
judgment is not proper. Flameout Design & Fabrication, Inc. v. Pennzoil Caspian
Corp., 994 S.W.2d 830, 834 (Tex. App.--Houston [1st Dist.] 1999, no pet.). More
than a scintilla exists when the evidence "rises to a level that would enable reasonable
and fair-minded people to differ in their conclusions." Burroughs Wellcome Co. v.
Crye, 907 S.W.2d 497, 499 (Tex. 1995). We review the evidence in the light most
favorable to the non-movant and make all inferences in the non-movant's favor. 
Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000); Flameout Design &
Fabrication, Inc., 994 S.W.2d at 834. When, as here, a trial court does not state the
basis for its decision in its summary judgment order, we must uphold the order if any
of the theories advanced is meritorious. State Farm Fire & Cas. Co. v. S.S., 858
S.W.2d 374, 380 (Tex. 1993).

B. Analysis

 

 1. Knowing participation in a breach of fiduciary duty


 In its first issue, Kingwood contends that the trial court erred by granting a no-evidence summary judgment in favor of Shady Creek Partners because Kingwood
presented evidence to support its claim that Shady Creek Partners knowingly
participated in a breach of fiduciary duty.

 The record shows that, in its "First Amended Original Petition," Kingwood
stated (1) a series of claims against Stephen, which included breach of fiduciary duty,
constructive fraud, and usurpation of corporate opportunities; (2) claims against the
corporate defendants for various forms of conspiracy; and (3) a claim against the
corporate and partnership defendants, including Shady Creek Partners, as follows in
pertinent part:

 28. [Kingwood] is asserting a cause of action for misconduct against
the following entities, who acted by and through Stephen Helm
as authorized representative or agent: . . . [Shady Creek Partners]. 
These entities, acting through authorized representative Stephen
Helm and/or others, have aided and knowingly participated in the
breach of fiduciary duty about which [Kingwood] is complaining
and they are therefore liable as joint tort-feasors. 


In addition, Kingwood presented its factual allegations against Stephen as they
specifically related to Shady Creek Partners.

 The twelve defendants, including Shady Creek Partners, then moved for a no-evidence summary judgment (the Original Motion), asserting that adequate time for
discovery had passed, that Kingwood had failed to state a cause of action because "a
cause of action of misconduct . . . is not really a cause of action," and that "[n]o
evidence exists which would establish that the Defendants [including Shady Creek
Partners] acted or knowingly participated in any misconduct or aided in the breach
of a fiduciary duty." 

 Subsequently, Shady Creek Partners, individually, filed a Supplemental Motion
for a no-evidence summary judgment, contending that the case had been pending
since December 10, 2001 and that there was "still no evidence of any of the elements
of [Kingwood's] claims against Shady Creek." After a hearing, the trial court granted
summary judgment in favor of Shady Creek Partners.

 On appeal, as briefed, Kingwood first contends that Shady Creek Partners's
motions for summary judgment were legally insufficient under Rule 166a(i) because
Shady Creek Partners failed to enumerate the elements of the cause of action against
it for "knowingly participating with Stephen Helm in transactions which breached his
fiduciary duties to Kingwood" and failed to specifically state which of those elements
it challenged. Rather, Shady Creek Partners "merely asserted that there was 'no such
cause of action'" and "stated, in a conclusory way, that no evidence existed that
would establish that [Shady Creek Partners] acted or knowingly participated in any
misconduct or aided in the breach of a fiduciary duty." Kingwood contends that this
statement constitutes a conclusory or general no-evidence challenge that is prohibited
by Rule 166a(i). See Tex. R. Civ. P. 166a(i). 

 Shady Creek Partners has maintained that "[c]ounsel for [Shady Creek] is
unaware of a cause of action called 'Misconduct' and for that reason is unable to cite
to specific elements of this alleged cause of action."

 First, we note that Shady Creek Partners did not specially except to the alleged
misstatement by Kingwood of its cause of action. When a party fails to specially
except, we liberally construe the pleadings in favor of the pleader. 
Horizon/CMS/Healthcare Corp. v. Auld, 34 S.W.3d 887, 897 (Tex. 2000).

 Second, Texas follows a "fair notice" standard for pleading. Id. at 896. This
means that a petition is sufficient if it gives fair and adequate notice of the facts upon
which the pleader bases his claim. Id. at 897. We consider whether the opposing
party can ascertain from the pleading the nature and basic issues of the controversy. 
Id. The purpose is to ensure that the opposing party has information that is sufficient
to allow it to prepare a defense. Id.

 Kingwood has maintained throughout that its cause of action against Shady
Creek Partners can be found in Kinzbach Tool Co. v. Corbett-Wallace Corp., 160
S.W.2d 509 (Tex. 1942). Although Kinzbach does not specifically state
"misconduct" as a cause of action, Kinzbach clearly stands for the proposition that
"where a third party knowingly participates in the breach of duty of a fiduciary, such
third party becomes a joint tortfeasor with the fiduciary and is liable as such." 
Kinzbach Tool Co., 160 S.W.2d at 514. In fact, this is well-settled law. See Baty v.
ProTech Ins. Agency, 63 S.W.3d 841, 863 (Tex. App.--Houston [14th Dist.] 2001,
pet. denied); see also Cotten v. Weatherford Bancshares, Inc., 187 S.W.3d 687, 701 
(Tex. App.--Fort Worth 2006, pet. denied); Cox Tex. Newspapers, L.P., v. Wootten,
59 S.W.3d 717, 721 (Tex. App.--Austin 2001, pet. denied); S.W. Tex. Pathology
Assoc., L.L.P., v. Roosth, 27 S.W.3d 204, 208 (Tex. App.--San Antonio 2000, pet.
dism'd w.o.j.); Thompson v. Vinson & Elkins, 859 S.W.2d 617, 624 n.5 (Tex.
App.--Houston [1st Dist.] 1993, writ denied). 

 In its petition, Kingwood clearly expounds, in the same paragraph as its use of
the word "misconduct," that its claim is that "[Shady Creek Partners], acting through
authorized representative Stephen Helm and/or others, [has] aided and knowingly
participated in the breach of fiduciary duty about which [Kingwood] is complaining
and they are therefore liable as joint tort-feasors." In addition, in its petition,
Kingwood presented its factual allegations against Stephen and stated how they
related to the Shady Creek Project. We conclude that Kingwood satisfied the
standard because Shady Creek Partners could have reasonably determined the nature
of the claim against it; namely, that of having "knowingly participated in a breach of
fiduciary duty." See Horizon, 34 S.W.3d at 897.

 In moving for a no-evidence summary judgment on this claim, Shady Creek
Partners was required to assert that no evidence existed as to one or more of the
essential elements of the claim and to specifically state the element or elements as to
which there is no evidence. See Johnson, 73 S.W.3d at 207; Roventini v. Ocular
Scis., Inc., 111 S.W.3d 719, 722 (Tex. App.--Houston [1st Dist.] 2003, no pet.). 
Shady Creek Partners was not required to present any evidence to support the ground. 
See Tex. R. Civ. P. 166a(i). Generally, the specification of each element and the
good faith assertion that there is no evidence to support that element is all that is
required. Id. However, conclusory motions or general no-evidence challenges are
not sufficient. Callahan Ranch, Ltd. v. Killam, 53 S.W.3d 1, 4 (Tex. App.--San
Antonio 2000, pet. denied). A no-evidence challenge that fails to state specific
elements is insufficient as a matter of law. Id.

 The elements of Kingwood's breach of fiduciary duty claim against Stephen
are: (1) that Kingwood and Stephen had a fiduciary relationship; (2) that Stephen
breached his fiduciary duty; and (3) that the breach resulted in injury to Kingwood
or benefit to Stephen. See Abetter Trucking Co. v. Arizpe, 113 S.W.3d 503, 508 (Tex.
App.--Houston [1st Dist.] 2003, no pet.). As Shady Creek Partners enumerates in
its appellate brief, the essential elements of Kingwood's claim against Shady Creek
Partners are that Shady Creek Partners (1) knew of Stephen's fiduciary duty to
Kingwood and (2) was aware that it was participating in Stephen's breach of that
duty. See Kinzbach Tool Co., 160 S.W.2d at 514; Wootten, 59 S.W.3d at 721-22. 
However, Shady Creek Partners did not, in its motions for summary judgment,
specifically enumerate these elements and challenge them, as is required by Rule
166a(i). See Tex. R. Civ. P. 166a(i). 

 Shady Creek Partners merely stated in its motions for summary judgment that
a cause of action for "misconduct" does not exist and that "[n]o evidence exists which
would establish that [Shady Creek] acted or knowingly participated in any
misconduct or aided in the breach of a fiduciary duty." Shady Creek Partners does
not enumerate any elements of a cause of action for knowingly participating in the
breach of a fiduciary duty, as required. Hence, Shady Creek Partners's motion does
not comply with Rule 166a(i). See Tex. R. Civ. P. 166a(i); Johnson, 73 S.W.3d at
207; Mathis v. RKL Design/Build, 189 S.W.3d 839, 844 (Tex. App.--Houston [1st
Dist.] 2006, no pet.). A no-evidence challenge that only generally challenges the
sufficiency of the non-movant's case and fails to state specific elements is
fundamentally defective and insufficient to support summary judgment as a matter of
law. See Killam, 53 S.W.3d at 4. (7) We conclude that Shady Creek Partners's motion
for no-evidence summary judgment is fundamentally defective and therefore
insufficient to support summary judgment as a matter of law. 

 In a one-paragraph sub-issue under this point, Kingwood contends that the
summary judgment must be reversed as to all of its "other causes of action" because
"[t]he summary judgment evidence discussed above which establishes Stephen
Helm's breach of fiduciary duty and Shady Creek's knowing participation in such
breach of fiduciary duty also establishes the predicate acts necessary to prove the
conversion, conspiracy and Texas Theft Liability Act causes of action." Kingwood
does not expound upon this contention, provide any substantive argument, or cite to
any authority. Therefore, this sub-issue is inadequately briefed. See Tex. R. App. P.
38.1(h) (requiring that brief to court of appeals contain, inter alia, "a clear and concise
argument for the contentions made, with appropriate citations to authorities and the
record"); see also Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279,
284 (Tex. 1994); Raitano v. Tex. Dep't of Pub. Safety, 860 S .W.2d 549, 554 (Tex.
App.--Houston [1st Dist.] 1993, writ denied) ("The Court does not represent the
appellant and has no duty to search for pertinent authority."). The failure to
adequately brief an issue by not providing substantive argument or citation to
authority waives any error on appeal. See Brown v. Hearthwood II Owners Ass'n,
Inc., 201 S.W.3d 153, 161 (Tex. App.--Houston [14th Dist.] 2006, pet. denied).

 Accordingly, we sustain Kingwood's first issue solely as to Kingwood's claim
that Shady Creek Housing Partners, Ltd., "knowingly participated in a breach of
fiduciary duty" by Stephen Helm.

 2. Alleged discovery abuses

 In its second issue, Kingwood contends that the trial court erred by granting a
no-evidence summary judgment in favor of Shady Creek Partners because Shady
Creek Partners abused the discovery process.

 The record indicates a history of discovery disputes between the parties. In
addition, the record shows that on May 28, 2002, after Shady Creek Partners had filed
its Original Motion for summary judgment as to Kingwood's claim that Shady Creek
Partners had knowingly participated in a breach of fiduciary duty by Stephen,
Kingwood filed a motion for continuance. Kingwood requested that the May 31,
2002 hearing on the Original Motion be reset to "August or September of 2002" on
the basis that Kingwood had not been afforded adequate time for discovery because
Shady Creek had not yet properly responded to discovery requests. Two days later,
on May 30, 2002, Kingwood moved that the trial court refer matters to a discovery
master for resolution, which the trial court granted. The trial court appointed the
master "to consider, rule on, and enforce any and all motions" regarding the discovery
matters in the case, not including any motions for summary judgment. 

 On August 12, 2002, Kingwood moved for a continuance on the Original
Motion until such time as Shady Creek complied with certain discovery orders and
requests. On September 12, 2002, trial began, but it was immediately recessed to
allow the discovery issues still pending before the master to be resolved. The
transcript of the hearing indicates that the trial court asked, "It's my understanding
. . . that the parties would be looking for a recess to be able to complete and finally
finish up what's necessary to be done prior to the time a jury's brought over here. Is
my understanding correct?" The record reflects that the parties agreed. The trial
court stated that the case would be recessed for approximately 30 days or until such
time as appropriate, based on further discussion between the trial court and the
master.

 The record reflects that discovery issues continued into October 2002. On
November 4, 2002, Kingwood amended its petition, adding claims for conversion and
theft. On May 19, 2003, Shady Creek filed its Supplemental Motion for summary
judgment regarding the additional claims. On June 5, 2003, Kingwood filed
"Plaintiff's Additional Evidence and Response to Defendant's Motions for Summary
Judgment," in which it stated that the motions "have been reset to June 19, 2003," and
it asked the trial court to consider its appended evidence and to "deny all of the
Defendant's Motions for Summary Judgments and supplements thereto." On June 12,
2003, the master held a hearing on the motions for summary judgment. On July 15,
2003, upon the master's recommendations, the trial court granted summary judgment
in favor of Shady Creek. 

 Kingwood contends that the trial court abused its discretion by granting the
summary judgment in favor of Shady Creek because Kingwood still lacked the
discovery it needed because of abuses by Shady Creek. A party contending that it has
not had an adequate opportunity for discovery before a summary judgment hearing
must either file an affidavit explaining the need for further discovery or a verified
motion for a continuance. See Tenneco Inc. v. Enter. Prods. Co., 925 S.W.2d 640,
647 (Tex. 1996); Tempay, Inc. v. TNT Concrete & Constr., 37 S.W.3d 517, 520-21
(Tex. App.--Austin 2001, pet. denied). 

 Here, Kingwood participated fully at the June 12 hearing. The record does not
show that Kingwood sought a continuance of that hearing or that Kingwood did
anything to alert the trial court that discovery issues remained unresolved at the time
of the hearing, that more time was needed for resolution, or that the court should not
move forward and determine the motions at that time. The record shows that, in its
June 5, 2003 filing, Kingwood acknowledged that a hearing on the motions would
take place later that month and had asked the trial court to make a ruling--that it
"deny all of the Defendant's Motions for Summary Judgments and supplements
thereto." 

 Because Kingwood did not avail itself of either an affidavit explaining the need
for further discovery or a motion for continuance, and instead requested a ruling on
the motions for summary judgment, we cannot conclude that the trial court erred. See
Green v. City of Friendswood, 22 S.W.3d 588, 594 (Tex. App.--Houston [14th Dist.]
2000, pet. denied). Accordingly, we overrule Kingwood's second issue.

Conclusion


 We hold that the trial court erred by granting a no-evidence summary judgment
in favor of Shady Creek Partners on Kingwood's stated cause of action for knowing
participation in a fiduciary's breach of duty because Shady Creek Partners's motion
for summary judgment is fundamentally defective and is therefore insufficient to
support summary judgment as a matter of law. We reverse the trial court's summary
judgment in favor of Shady Creek Partners solely as to Kingwood's claim that Shady
Creek Housing Partners, Ltd., " knowingly participated in a breach of fiduciary duty" 


by Stephen Helm, and remand for further proceedings. We affirm the trial court's
summary judgment in all other respects.



 


 Laura Carter Higley 

 Justice



Panel consists of Justices Nuchia, Keyes, and Higley.
1. " " 
 "" 
 "" 
2. 
 
 
 
3. '
 
4. 

5. " " 
 
 
 
 
 
 
 
 
 
 
 
 
 
6. --
 " " 
 " " 
 
 
7. 
 
 
 " - 
 
 " 
 -- 
 
 
 
 
 - 
 
 ' " 
 " 
 
 
 
 
 " 
"