Opinion issued October 29, 2024



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-23-00345-CV

_____

**DAVID AND FRANCIS MEARS, Appellants**

**V.**

**MARVIN SMITH III, Appellee**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-51626**

---

## MEMORANDUM OPINION

David and Frances Mears sued their neighbor Marvin Smith, III, alleging that he threatened Frances and trespassed on their property. The Mearses asserted claims for intentional infliction of emotional distress, harassment, nuisance, trespass, and assault. Smith moved for a no-evidence summary judgment on all claims. The

Mearses did not respond, and the trial court granted the motion. In their sole issue on appeal, the Mearses contend that Smith's no-evidence motion was legally insufficient because it did not specifically challenge the essential elements of their claims. Finding no error, we affirm.

After adequate time for discovery, a party may move for summary judgment under Texas Rule of Civil Procedure 166a(i) on the ground that there is no evidence of one or more essential elements of a claim on which the opposing party would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 722 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Rule 166a(i) requires that no-evidence motions "be specific in challenging the evidentiary support for an element of a claim or defense." TEX. R. CIV. P. 166a, comment – 1997. That is, the motion must specifically challenge an element or elements of the opposing party's claim. But "a specific attack on the evidentiary components that might prove a certain element is unnecessary, as long as the element itself is specifically challenged." *Gary E. Patterson & Assocs., P.C. v. Holub*, 264 S.W.3d 180, 200 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). Conclusory motions or general no-evidence challenges to an opponent's case are legally insufficient. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (analogizing specificity requirement to "fair notice" pleading requirement and

noting its purpose "is to provide the opposing party with adequate information to oppose the motion, and to define the issues" for summary judgment).

Contrary to the Mearses' contention that Smith's no-evidence motion was conclusory and only generally alleged that they had no evidence, the motion sufficiently identified and challenged at least one element of each claim. For example, Smith's motion expressly identified and challenged the four elements of the Mearses' intentional infliction of emotional distress claim, separately listing each element of the cause of action and stating that the Mearses "have produced no evidence on any of these elements." *See Colson v. Grohman*, 24 S.W.3d 414, 421 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (discussing elements of cause of action for intentional infliction of emotional distress). For the trespass claim, Smith set out the elements of entry onto another's property without the owner's consent and asserted that the Mearses had produced no evidence of any of these elements or damages. *See Envt'l Processing Sys., L.C. v. FPL Farming Ltd.*, 457 S.W.3d 414, 419 (Tex. 2015) (discussing elements of trespass claim). And Smith did the same for the Mearses' other claims.

This Court has held that similar motions satisfied Rule 166a(i). *See, e.g.*, *Garry E. Patterson & Assocs.*, 264 S.W.3d at 200–01 (no-evidence motion for summary judgment satisfied Rule 166a(i) because it identified elements of claims and asserted there was no evidence of all or some elements); *Roventini*, 111 S.W.3d

3

at 723–24 (same). Consistent with those authorities and because Smith identified and challenged at least one element (and in most cases all elements) of the Mearses' claims, we hold that his no-evidence motion was specific enough to satisfy Rule 166a(i). *See* TEX. R. CIV. P. 166a(i); *Gary E. Patterson & Assocs.*, 264 S.W.3d at 201. We therefore overrule the Mearses' sole issue.

We affirm the trial court's judgment.


Sarah Beth Landau
Justice

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.